CASE 47—PROCEEDINGS BY COMMONWEALTH BY AUDITOR'S AGENT
AGAINST ROSENFIELD BROS. & CO. TO COLLECT INTEREST ALLEGED
TO BE DUE ON DISTILLED SPIRITS DURING BONDED PERIOD.—MAY 31.

# Commonwealth v. Rosenfield Bros. & Co.

APEAL FROM FRANKLIN CIRCUIT COURT—JAMES E. CANTRILL, CIRCUIT
JUDGE.

JUDGMENT FOR DEFENDANT AND COMMONWEALTH APPEALS. REVERSED.

INTERNAL REVENUE—WHISKY IN BOND—INTEREST—OFFICERS—LACHES
—ESTOPPEL—LIMITATION.

1. Ky. St. 1903, c. 108, art. 5, sec. 4109, provides that a per-
son having possession of distilled spirits on September 15th in the
year the assessment is made shall be liable for all taxes due there-
on together with all interest and penalties which may accrue; sec-
tion 4110, as existing prior to 1902 (Laws 1902, p. 321, c. 128, sec.
6), requires that the taxes on each year's assessment shall
bear interest as other taxes; section 4111 declares that the pro-
prietor of a warehouse shall pay all taxes and interest; section
4112, provides that, on failure of any owner or proprietor of any
warehouse to pay the taxes and interest, he shall be deemed de-
linquent; and section 4143, directs that any persons failing to
pay their taxes by December 1st in the year following the assess-
ment shall pay six per centum additional on the tax so due and
unpaid. HELD, that, though the taxes on distilled spirits in bond
are not required to be paid until the bonded period is ended or
the United States Government taxes are paid, the warehouse man
must pay interest at 6 per cent. from December 1st in the year
following the assessment for the privilege of retaining the State's
money.

2. Under Ky. St. 1903, c. 108, art. 5. sec. 4109, providing that a per-
son having possession of distilled spirits on September 15th in
the year the assessment is made shall be liable for all taxes due
thereon, together with all interest and penalties which may ac-
crue, the State is not estopped from collecting the interest be-
cause the auditor received the principal of the taxes due, without
interest, and the warehouseman permitted it to be carried away
by the owner, and lost his lien by the wrongful act of the State's
fiscal officer.

3. Actions by the State to collect interest on taxes are barred by the
expiration of five years after the cause of action arose.

Commonwealth v. Rosenfield Bros. & Co.

JAMES D. WHITE, ATTORNEY FOR APPELLANT.

### POINTS AND AUTHORITIES.

1. The Franklin circuit court had jurisdiction, both of the subject matter and of the parties. Com. v. Lyddane, 21 Law Rep., 1514 and 22 Law Rep., 28; Com. v. Grand Central Building Ass'n., 17 Law Rep., 215; Sections 976, 4169, 4171 and 4182, Ky. Stat.; General Stat., p. 1095, act of 1886; Sections 125 and 6, Constitution; Sections 6 and 10 of art 15, Revenue Act of 1902 (secs. 4263 and 4267, Ky. Stat. Ed., 19.)

2. Distillers and warehousemen are liable for interest on taxes while the spirits remain in bond. Com. v. E. H. Taylor, Jr. Co., 19 Law Rep., 553, 101 Ky., 325; Sections 4105 to 4114 Ky. Stat.

3. There can be no estoppel as against the State by reason of any laches of its officers. Com. v. Carter, 21 Law Rep., 1509.

JOHN W. RAY, ATTORNEY FOR APPELLANT.

### POINTS AND AUTHORITIES.

1. Appellees, distillers and warehousemen are liable to pay interest on each year's taxes due or paid, on distilled spirits from the date of assessment till withdrawn from bonded warehouse and taxes paid. Commonwealth, &c. v. E. H. Taylor, Jr., Co., 101 Ky., 325; 19 Law R., 552; 41 S. W., 11; Same case, opinion withdrawn, 38 Southwestern, 10; Sections 4105 to 4114, Ky. Stat., inclusive.

2. The statute of limitation of five years does not apply to tax due the State and could not be made to so apply. Section 52 Constitution; City of Louisville v. Louisville Ry. Co., 23 Law Rep., 390; and same case 63 Southwestern, 14; Commonwealth v. Tilton, 63 Southwestern, 603; Long, &c., v. City of Louisville, 97 Ky., 367; Ollivier v. City of Houston (Tex.), 54 Southwestern, 940 and 943.

3. There can be no practical construction in the face of an opinion of this court. Nor against the plain expression of the law. Com. v. Railroad Companies, 95 Ky., 60; Commonwealth v. Norman & Barker, 20 Law R., 1893; Southern Ry., &c. v. Coulter, &c., 24 Law Rep., 209.

4. There can be no estoppel against the State. Elmondorf, &c. v. Carmichael, &c., 3 Littell, 481; Commonwealth v. Carter, 21 Law Rep., 1509; Portland, &c., Society v. Kelly (Oregon), 30 L. R. A., 167; Mullan v. California (Cal.), 34 L. R. A., 262; Long v. McDavel, 21 R., 695; Com. v. Webb, 19 R., 944; Brown v. Miller,

Commonwealth v. Rosenfield Bros. & Co.

40 Mo. App., 1; White v. Rowland, 67 Ga., 546; Palo Alto Co. v. Burlingame 71 Ia., 201; Lee v. Board of Com. 124 Ind., 214; Platter v. Bd. of Com., 103 Ind., 360; Rice v. Chicago, &c., Ry., 40 Ill. App., 481; Lee v. Sturges, 46 Ohio St., 176 (2 L. R. A., 563); Travelers' Ins. Co. v. Fricke (Wis.), 41 L. R. A., 558; Att'y Gen. v. Marr., 55 Mich., 445; Commonwealth v. Philadelphia, 157 Pa., 577; Wallace v. Maxwell, 10 Iredell (N. C.), 110; Day Co. v. State, 68 Texas, 554; Salem Imp. Co. v. McCourt, 26 Oregon, 105; Pulaski County v. State, 42 Ark., 118; Woodward v. Campbell, 39 Ark., 580; Woodruff v. Berry, 40 Ark., 251; Dement v. Rokker, 126 Ill., 174 (19 Southeastern, 34); Tennessee v. Ward, 9 Heisk. (Tenn.), 126; Elliott, &c. Bank v. Western R. R., 2 Lee (Tenn.), 680; State v. Edgefield, &c. R. R., 6 Lee (Tenn.), 362; 64 Alabama, 287; Holcomb v. Boynton, 151 Ill., 294; Bishop on Contracts, sec. 993.

5. The Franklin circuit court has jurisdiction. Com. v. Lyddane, 21 Law Rep., 1514 and 22 Law Rep., 28; Sections 976, 4169, 4171, 4182, Kentucky Stat.; Act of April 9, 1886, sec. 2 General Stat., Ed., 1888, p. 1095; Section 126 Constitution.

6. Laches—Collecting old tax claim. Baldwin v. Shine, 84 Ky. 502.

D. W. LINDSEY, GIBSON, MARSHALL & GIBSON and C. H. SHEILD, counsel for appellees.

## CLASSIFICATION OF QUESTIONS DISCUSSED AND AUTHORITIES CITED.

1. Taxes upon distilled spirits in bond do not bear interest for the time the spirits remain in bond, except as other taxes bear interest; and no other State's taxes bear interest unless the taxpayer is delinquent. Ky. Stat., secs. 4105 to 4114 inclusive; Acts of 1902, chap. 128, art. 5; Com. v. E. H. Taylor, Jr., Co., 101 Ky., 325; L. & N. R. R. Co. v. Com., 89 Ky., 531; L. & N. R. R. Co. v. Hopkins Co., 87 Ky., 605; Com. v. Owensboro R. R. Co., 95 Ky., 60; Ky. Stat., sec. 4241; Acts 1902, sec. 3, art. 13, sub. div. 1, c. 128; Ky. Stat., sec. 4077; Acts 1902, sub. div. 1, art. 3, c. 128, p. 305; Ky. Stat., sec. 4092; Acts 1902, sub. div. 2, c. 128, p. 312; Ky. Stat., sec. 4103; Acts 1902, art. 4, c. 128, p. 318.

2. Such taxes do not bear interest because contemporaneous and practical construction by the departments, etc., for ten or twelve years has so interpreted the law. Auditor, &c. v. Cain, 22 Ky. Law Rep., 1888; Pennington v. Woolfolk, 79 Ky., 13; Endlich on Interpretation of Statutes, sec. 360; U. S. v. Moore, 95 U. S., 760; Brown v. U. S., 113 U. S., 563; Edwards v. Darby, 12 Wheat.,

Commonwealth v. Rosenfield Bros. & Co.

210; U. S. v. State Bank of N. C., 6 Pet., 29; U. S. v. McDaniel, 7 Pet., 1; Barbour v. City of Louisville, 83 Ky., 102; Harrison v. Commonwealth, 83 Ky., 170; Clark's Run T. P. Co. v. Commonwealth, 96 Ky., 532; U. S. v. Alabama & G. S. R. R. Co., 142 U. S., 621; Bruce v. Schuyler, 4 Gilman, 221; 46 Am. Dec., 450; Matters of Will of Warfield, 22 Cal., 51, 83 Am. Dec., 58.

3. The State at this late date is estopped from demanding and collecting such interest on taxes promptly paid. Commonwealth v. Covington City Nat. Bank,—; MSS. Opinion June 18, 1885, 6 Ky. Law Rep., 41, 8; Mason & Foard Co. v. Commonwealth, 18 Ky. Law Rep., 371; Commonwealth v. Penna. Co., 145 Pa. State, 279, &c.

4. Statute of limitations apply to the State. Commonwealth v. Nute, 24 Ky. Law Rep., 2138; Commonwealth v. Hawkins' Trustee, &c., 24 Ky. Law Rep., 1944; Ky. Stat., secs. 2515, 2523; Constitution, sec. 52; Terry v. Anderson, 95 U. S., 632-3.


SWEENEY, ELLIS & SWEENEY, FOR APPELLEES.

Appellees rely upon the following defenses:

1. That the action is transitory and that the Franklin Circuit Court had no exclusive jurisdiction of the action, and their motion to quash the return on the process should have been sustained.

2. That there was no interest due on the taxes at the time they were paid, and therefore the action is without merit.

3. That appellees and all other warehousemen similarly situated were furnished statements by the auditor as to the amount of tax due on the whisky held by them in the respective years, which they paid and which was received by the officers in satisfaction of all taxes and demands due the State.

4. The State is estopped by the acts of the auditor under the acts of the Legislature of March, 1892.

5. One of three things must happen before the taxes on distilled spirits in bond become due: (1) The Government tax must have been paid, (2) or the Government tax must have, by operation of law, become due, (3) or the spirits must have been in fact removed from the bonded warehouse. Until one or the other of these three things transpire, the tax on distilled spirits stored in a United States bonded warehouse does not become due or payable.

6. No taxes on any class of property, under any construction of the statutes, bear interest until they are due.

7. Taxes do not bear interest as a matter of law unless authorized by an express statute to that effect, and we submit there is no express statute authorizing the interest claimed in this case.

8. All statutes authorizing the collection of interest on taxes are in derogation of the common law and must be strictly construed.

## AUTHORITIES CITED.

Ky. Stat., secs. 976, 4169, 4171, 4182, 4105, 4106, 4107, 4108, 4109, 4110, 4111, 4112,.4143, 2218; Rapalje & Lawrence Dic., vol. 17, 435; Endlich on Inter. of Statutes, sec. 405; Kennedy v. Foster, 14 Bush, 483; Barbour v. City of Louisville, 83 Ky., 100; 14 Bush, 483; 83 Ky., 100; L. & N. R. R. Co. v. Hopkins County, 87 Ky., 615; Ormsby v. City of Louisville, 79 Ky., 202; L. & N. R. R. Co. v. Com., 89 Ky., 538; 19 Am. & Eng. Ency. of Law, pp. 990, 991, 992; Same, vol. 16 (2d Ed.), p. 995; Act March, 1902; Sessions Actions 1902, pp. 282 to 392.

W. H. MACKOY, ATTORNEY FOR CLIENTS HAVING SIMILAR CASE PENDING.

1. The construction given by counsel to section 4110, Kentucky Statutes, is forced and unnatural. To sustain their contention counsel for appellant would have the court construe the word "as" to be equivalent to the words "in the manner of," and the word "other" as equivalent to the word "additional." Adopting their construction, the word "interest" would then have to be construed as equivalent to "taxes."

2. Section 4110, Kentucky Statutes, as amended by the Act of 1902, does not have the effect of requiring interest to be paid upon taxes prior to the time when the taxes are due and payable. It provides that "the taxes of each year's assessment shall bear interest until paid."

3. Section 52 of the Constitution has no reference to the statutes of limitation.

4. If section 4110, Kentucky Statutes, as amended, does not create a right to interest on taxes, because due and payable, then sections 4109, 4111 and 4112 do not help the contention of counsel for appellant, because section 4110 as amended fixes the time from which interest shall run on taxes.

5. No scheme of taxation can be mathematically uniform as to all kinds of property. The word "uniform" must always be held to mean "uniform as nearly as practicable." This has been the holding of the courts whenever the question of uniformity has come up before them for consideration.

CHARLES H. STOLL, ATTORNEY FOR APPELLEES.

We insist on these propositions:

1. The legislative intent, as expressed both by the Acts of 1892 and 1902, is not clear.

2. The executive officers of the State, whose duty it was to enforce the law, have uniformly, for eleven years, interpreted the law to mean that interest runs only from maturity of the tax.

3. That all others interested have so interpreted the law or have acquiesced in such interpretation for eleven years.

4. That the meaning given the language used was the only construction to put upon it without endangering the validity of the law.

5. That it is now too late for this court to take up the meaning of the language and as a new proposition, but this question must be approached with the history of the past eleven years in view, and if serious injury would result to the defendants by changing the interpretation, no change should be made, but this court should adopt the interpretation so long acted upon.

OPINION OF THE COURT BY JUDGE BARKER—REVERSING:

The appellees, Rosenfield Bros. & Co., are the owners and proprietors of a distillery bonded warehouse in this State, wherein was stored during the fiscal years from 1898 to 1903, inclusive, distilled spirits; and this is a proceeding on the part of the Commonwealth, by the Auditor's agent, to collect interest alleged to be due on the taxes assessed for State and county purposes during the bonded period. Without entering into a detailed statement of the pleadings, we can materially abbreviate the opinion by a simple statement of the issues, which are adequately presented in the record. No question is raised as to the regularity of the assessment of the distilled spirits, or of the payment by appellees of the principal of the taxes due thereon at the proper time. The questions presented are: First, whether or not the taxes due from appellees to the Commonwealth do or do not bear interest under the statute regulating the taxation of distilled spirits. Second, if so, is, or not, the Commonwealth estopped from now collecting the interest by reason of the fact that the Auditor received the principal sum of the taxes

from appellees, without interest. And, third, whether · the
'five-years statute of limitation applies to the claim of the
Commonwealth under this proceeding.

The law regulating the subject in hand is contained in
article 5, c. 108, Ky. St., 1903, sections 4105 to 4114, in-
clusive. The following sections, relating to the payment of
the taxes, are peculiarly applicable to the subject under
discussion:

"Section 4109. Any person or corporation having the cus-
tody of such spirits on the fifteenth day of September in the
year the assessment is made, shall be liable for all taxes
due thereon, together with all interest and penalties which
may accrue; and any warehouseman or custodian of such
spirits, who shall pay the taxes, interest or penalties on such
spirits, shall have a lien thereon .for the amount so paid,
with legal interest from day of payment.

"Section .4110. Taxes on distilled spirits which may be
assessed while in a bonded warehouse, and on which the
United States Government tax has not been paid, or will not
become due before the first day of March after the assess-
ment, shall be due on the second day of January, May and
September next after the said government tax becomes due
or be paid, or when the spirits are removed from the ware-
house; and the taxes on each year's assessment shall bear
legal interest until paid.

"Section 4111. Every owner or proprietor of a bonded
warehouse in which distilled spirits may be stored, as con-
templated in the preceding section, shall, on the first day
of January, May and September next after said government
tax shall have been paid, become due, or be removed from
the warehouse, make and transmit to the Auditor of Public
Accounts, and the clerk of the county court in which the
spirits may have been at the time of assessment, a

statement sworn to by the person whose duty it is to make the report, showing the quantity of spirits on which the government tax has been paid or has become due, and what spirits have been removed from the warehouse during the preceding four months; the years in which such spirits were assessed for taxation, and the county, city, town or taxing district in which the warehouse is situated in which the spirits were stored at the time of the assessment, and shall, at the same time, pay all taxes and interest on such spirits due the State, county, taxing district, city, or town to the officers entitled to receive the same.

"Section 4112. On the failure of any owner or proprietor of any such warehouse to pay the taxes and interest within five days after the same becomes due, he shall be deemed delinquent, and a penalty of eight per cent. on each year's taxes due on the spirits shall attach, and the officer authorized to collect such taxes shall at once cause such proceeding to be instituted for the collection of such taxes, with such interest and penalties as may be provided by law for the collection of other delinquent taxes."

These sections are substantially the law as enacted in 1892 (Laws 1892, p. 312, c. 103, section 6), except that the following language, with which section 4110 closes, " and the taxes on each year's assessment shall bear legal interest until paid," was originally as follows, "and the taxes on each year's assessment shall bear interest as other taxes;" the change having been made in 1902 (Laws 1902, p. 321, c. 128, section 6).

The first question for adjudication is whether or not, under the laws as existing from 1892 to 1902, the taxes in question bore interest. It will be observed that in each of the foregoing sections, wherever the payment of taxes is mentioned, it is also provided that the payment of interest

shall be made; and if it be true, as contended for by appellant, that the taxes under consideration do not bear interest during the bonded period, then it must be confessed that the Legislature has taken great pains to insert into every section relating to the subject-matter words which mean nothing. In section 4109 it is provided that the "person or corporation having the custody of such spirits on the fifteenth day of September in the year the assessment is made, shall be liable for all taxes due thereon, together with all interest and penalties which may accrue," and "when payment shall be made by the warehouseman of the taxes, interest or penalties, he shall have a lien for the amount so paid, with interest from the date of payment." Section 4110 (prior to 1902): "And the taxes on each year's assessment shall bear interest as other taxes." Section 4111 provides how and when the State taxes shall be paid, and that the proprietor of the warehouse "shall, at the same time, pay all taxes and interest on such spirits due the State, county, taxing district, city, or town to the officer entitled to reveive the same." Section 4112: "On the failure of any owner or proprietor of any such warehouse to pay the taxes and interest within five days after the same becomes due, he shall be deemed delinquent," etc. We do not know how the Legislature could have made it plainer that State taxes on whisky in bond should bear interest than by the language used in the sections aforesaid.

It is contended, however, that inasmuch as the language of section 4110 is, "and the taxes on each year's assessment shall bear interest as other taxes," and because other taxes do not bear interest, therefore all of the language used by the Legislature in providing for interest on deferred payment of taxes assessed against whisky in bond is nullified. To this, we can not agree. If there is anything plain

in the statute in hand, it is that the taxes shall bear interest, and it can not be consonant with any known or sound principle of statutory construction that the three words, "as other taxes," because they are incorrectly used, shall nullify all of the other parts of the statute, which make it perfectly clear that the Legislature intended that the taxes should bear interest.

It may be conceded, as urged by counsel for appellees, that taxes do not bear interest without a special requirement therefor. We think that the sections quoted plainly show that the Legislature intended to require the deferred payments of taxes on whisky in bond should bear interest.

Let us see, now, what the statutory requirement on the subject of interest on other taxes is. Section 4091 provides, in regard to taxation on the franchises of corporations, that if they (the corporations) fail to pay the taxes due, after receiving thirty days' notice, they shall be deemed delinquent, and a penalty of ten per cent. on the amount of the tax shall attach, and thereafter said tax shall bear interest at the rate of ten per cent. per annum. Section 4103 contains a similar provision as to interest with reference to railroad taxes as that contained in section 4091, and section 4143 provides as follows: "Any person or persons failing to pay their taxes by the first day of December in the year following the assessment for such taxes, shall pay six per centum additional on the tax so due and unpaid." Now, while it may be admitted that technically this is a penalty, and not interest, we think it clear that it is the provision specifically alluded to in section 4110, and what was meant by the use of the words "as other taxes" was merely to fix the time at which the interest theretofore provided for commenced to run, and the rate thereof; that is, the interest on taxes on spirits in bond should commence to run on the first day of

December in the year following the assessment, and should
be at the rate of six per cent. This conclusion is fortified
by the fact that the penalty of six per centum inflicted for
the nonpayment of other taxes under section 4143 coincides
in amount with legal interest, as defined in section 2218 of
the statutes. So we find that "other taxes," after a speci-
fied time, either bear interest at a fixed rate, or a penalty
coinciding in amount with the legal rate of interest—six
per cent. The cardinal rule or statutory construction is that
the intention of the Legislature shall be effectuated, even at
the expense of the letter of the law; and, to accomplish
this, the meaning of words may be modified, the structure of
sentences changed, or some words rejected altogether, and
others interpolated. Endlich, in his work on the Interpre-
tation of the Statutes, section 295, thus states the rule:
"Where the language of a statute, in its ordinary meaning
and grammatical construction leads to manifest contra-
diction of the apparent purpose of the enactment, or to some
inconvenience or absurdity, hardship or injustice, presumably
not intended, a construction may be put upon it which modi-
fies the meaning of the words, and even the structure of the
sentence. This is done sometimes by giving an unusual
meaning to particular words, sometimes by altering their
collocation, or by rejecting them altogether, or by inter-
polating other words—under the influence, no doubt, of an
irresistible conviction that the Legislature could not possibly
have intended what its words signify, and that the modi-
fications thus made are mere corrections of careless lan-
guage, and really give the true intention. The ascertainment
of the latter is the cardinal rule, or rather the end and
object of all construction; and where the real design of the
Legislature in ordaining a statute, although it be not pre-
cisely expressed, is yet plainly perceivable or ascertained

with reasonable certainty, the language of the statute must be given such a construction as will carry that design into effect, even though in so doing the exact letter of the law be sacrificed, or though the construction be, indeed, contrary to the letter. And this rule holds good even in the construction of criminal statutes. Of course, if the meaning of the Legislature is clear, every technical rule of construction must yield, and, though the words used to express that meaning be not apt for the purpose, they will be so construed as to serve the same. And *a fortiori,* if there is an express declaration of the intent and meaning of a statute by a provision in the same to carry out that intent, all other parts of the act are controlled in construction of it. A clause doubtful upon its grammatical construction will be controlled by the general intent of the Legislature, rather than by the literal meaning of the language." This principle is upheld in the case of Commonwealth v. Grinstead & Tinsley, 108 Ky., 59, 55 S. W., 720, 21 Ky. Law Rep., 1444.

In the case of Sams v. Sams, 85 Ky., 400, 9 R., 24, 3 S. W., 594, it is said: "It is a well settled rule of construction that the letter of a statute will not be followed when it leads to an absurd conclusion; but, on the contrary, the reason for the enactment must enter into its interpretation, so as to determine what was intended to be accomplished by it." In the case of Bailey v. Commonwealth, 11 Bush, 689, Judge Cofer, speaking for the court, said: "Words in a statute were always to be understood according to the approved use of language. But there are other rules of construction of equal dignity and importance, which must not be overlooked, and which, although not incorporated in our statute, are as binding upon the courts as if embodied in it. One of these rules is that 'every statute ought to be expounded, not according to the letter, but according to the meaning';

and another, that 'every interpretation that leads to an absurdity ought to be rejected'; and still another that a law 'ought to be interpreted in such manner as that it may have effect, and not be found vain and illusive.' " To the same effect is Feemster v. Anderson, 6 T. B. Mon., 537.

We find no difficulty in reaching the conclusion that the Legislature manifestly intended that distilled spirits in bond should be assessed each year as other taxes, and, although not required to be paid until the bonded period is at an end, or the United States Government taxes paid, yet for this privilege of retaining the State's money the warehouseman should pay interest thereon. This conclusion is reached without reference to the language "as other taxes." What, then, is lacking on the subject in hand before we reach a consideration of these three words? Not that the distiller should pay interest on the deferred taxes, for that is plainly provided for without reference to these words. All that is lacking in the language used by the Legislature up to the time that we are forced to apply to the words "as other taxes," to make it intelligible, is the time when the interest shall commence to run, and the rate at which it shall run. It is manifest, therefore, that the use of these words was intended to supply the meaning or purpose which was unsupplied by the other language already used. Turning, then, to section 4143, to ascertain the meaning of the words "as other taxes," we find that other taxes bear, not interest, but a penalty of six per cent., if not paid on the first day of December in the year following the assessment; and we are thus provided with the two lacking constituents necessary to make the meaning of the Legislature on the whole subject of interest on whisky in bond intelligible. Applying the principle enunciated by Mr. Endlich in the section above quoted, and sustained by the utterances of our own court

in the cases cited, we ignore the fact that the Legislature, in using the words "as other taxes" with reference to interest, was technically incorrect, and borrow from the expression all that is essential—the time when the interest commenced to run, and the rate at which it runs—thus making the statute both practicable and intelligible, and saving it from the criticism of being either "absurd" or "vain" and illusive." And this conclusion we reach in construing the statute as an original proposition.

But we are not left without direct authority on the subject in hand. This very question arose in the case of Commonwealth v. Taylor, 101 Ky., 327, 19 R., 552, 41 S. W., 11. The court had originally reached the conclusion that the act relating to the taxation of distilled spirits in bond was unconstitutional, as being special legislation and contrary to the requirements of uniformity in the matter of taxation, as is shown by the first opinion delivered by Judge White, 38 S. W., 10. Upon a petition for rehearing by the warehouseman, the original opinion was withdrawn, and that contained in volume 101 was delivered by Judge Burnam. In the second opinion of the court, a most elaborate exposition of the unique position which distilled spirits in bond occupies in our fiscal system is given. It is there shown that, owing to the fact that the United States government takes actual possession and control of distilled spirits at the time of its manufacture, and holds it in bond for a period of eight years, it is impossible for the State to enforce its lien for taxes until after the lien of the general government is extinguished, although the property is assessed each year by the State. This results in a great benefit to the warehouseman, by enabling him to find purchasers for his goods before he is required to pay cash for taxes, and for this benefit, and in order to preserve uniformity in taxation, the statute

requires him to pay interest. On this subject, the court said: "The assessment and taxes upon the property within the territorial limits of the authority levying them are uniform, and are imposed as fairly, according to value by an assessment made in the mode prescribed by the act under discussion, as they could be by assessment made by a county assessor, and, having been so assessed, are collected under the same general laws regulating the revenues as the taxes imposed on other property, except as to the time of payment, and this delay is necessarily made to depend upon the payment of the taxes due to the United States government upon the same property; but, to preserve uniformity, distillers are required to pay interest on the deferred taxes." This language is not the dictum of the writer of the opinion. It was essential to the upholding of the constitutionality of the act, as to uniformity of taxation, that the conclusion enunciated should have been reached. This opinion was delivered on May 27, 1897, and since that time there has been no room for two opinions on the subject in hand. We freely admit the great force of the doctrine of contemporaneous construction, where the meaning of the statute is vague or uncertain; but, when the court of last resort construes a statute, the further utility of the doctrine ceases.

But it is urgently insisted that the State is now estopped from collecting the interest involved herein, because the Auditor received the principal sum of the taxes due without interest, and the warehouseman, who was only the custodian, and not the owner, of the whisky, permitted it to be carried away by the owner, and thus lost his lien through the wrongful act of the State's fiscal officer, and that, if the distiller is now required to pay the interest, he will have no recourse against the owner for the amount of the interest adjudged

Commonwealth v. Rosenfield Bros. & Co.

against him. It may be true that this will work a hardship upon the distiller, but it was his duty, under the law, to pay the taxes and the accrued interest, and we can not, in his behalf, waive the time honored and conclusive presumption that he knew the law; and especially is this true since 1897, when the case of Commonwealth v. Taylor was decided, thus establishing beyond all question that taxes on whisky in bond bore interest on the assessments made during the bonded period. Waiving this, however, it is elementary that the State is not estopped by the laches of its officers.. Bigelow, in his work on estoppel, p. 341, says: "Clearly, the State can not be estopped by the unauthorized act of its officers." The same rule is laid down in Am. & Eng. Ency. of Law (2d Ed.) p. 397, in this language: "But such estoppels can not arise from the unauthorized act of the agent or officer of the State." See, also, Commonwealth v. Carter, 55 S. W., 701, 21 Ky. Law Rep., 1509; Elmondorff v. Carmichael, etc., 3 Litt., 481, 14 Am. Dec., 86; Pulaski v. State, 42 Ark., 118; Attorney General v. Marr, 55 Mich., 445, 21 N. W., 883; and State v. Brewer, 64 Ala., 287.

Since the case of Commonwealth v. Knute, 115 Ky., 239, 24 Ky. Law Rep., 2138, the rule has been established in this State that actions such as these are barred by the expiration of five years after the cause of action arose.

Wherefore the judgment is reversed for proceedings consistent with this opinion.

Judge Hobson's answer to petition for re-hearing:

The purpose of the statute is not to add to the burdens of the taxpayer, but simply to give him time to pay his taxes until the whisky is taken out of bond. If he wishes to avoid the imposition of interest, he may pay the taxes

at any time after the assessment is made and avoid being charged with interest. A tax is a charge by the State upon the property, and may be removed by the owner by paying the money after the tax proceeding is complete. The taxes in question are payable into the treasury, and there is no reason why this payment may not be made, at the taxpayer's option, before the interest period has begun.

As to the penalty, we have had some difficulty, but conclude that the statute is peremptory, and we have no discretion.

Petition overruled.