CASE 101.—SUIT BY J. B. BLANTON AND OTHERS AGAINST
FRANK P. JAMES, AUDITOR, AND ANOTHER TO
RESTRAIN THEM FROM SELLING CERTAIN
PROPERTY FOR TAXES.—October 14, 1909.

# James, Auditor, &c. v. Blanton, &c.

Appeal from Franklin Circuit Court.

R. L. STOUT, Circuit Judge.

Judgment for plaintiffs, defendants appeal.—Reversed.

1. Taxation—Tax Sales—Purchase by State—Title Acquired.—
Ky. St. 1909, Sec. 4152, provides for the sale of lands for taxes
to the State in case there is no individual bidder, and Sec.
4154 (Sec. 6014) declares that if the land is not redeemed
within two years allowed therefor the fee-simple title shall
vest in the State, county, and district, jointly, in proportion
to the tax due each, and that the revenue agent, under the
Auditor's direction, may, after the two years have expired,
sell the land, collect the purchase money, and pay to the
county or district the amount of tax due each. Held, that,
where the State bids in land at a tax sale under such sec-
tion, it acquires a lien on the land for the tax and penalty
until the expiration of the two-year term, when, if the land
is not redeemed, the fee-simple title vests in the State.

2. Taxation—Delinquent Land—Sales to State—Statutes—Va-
lidity.—Ky. St. 1909, Sec. 4154, conferring on the State a lien
on land bid in for it at tax sales for the amount of taxes due
and penalty, and conferring on the State a fee-simple title to
such land as is not redeemed within two years is valid.

3. Taxation—Tax Sales—Sales to State—Notice to Owner—
Omission of County Attorney.—A county attorney's omission
to notify the owner of delinquent tax land sold to the State for
taxes of such sale within fifty days, and his omission to insti-
tute proceedings to recover possession within thirty days
thereafter, as required by Ky. St. 1909, Sec. 4153, does not
affect the State's title to the land in case it is not redeemed
within two years, as such section only provides an additional
remedy by which the State may acquire its taxes or obtain
possession of the land.

4.  Taxation—Tax Sales—Sale to State—Limitations.—Where land was bid in by the State for delinquent taxes on April 24, 1893, and the fee-simple title vested in the State two years thereafter on the owner's failure to redeem the land, such title was not lost by limitations until after the expiration of fifteen years from April 24, 1895.

5.  Taxation — Delinquent Taxes — Collection—Demand.—Under the express provisions of Ky. St. 1909, Sec. 4149, no demand is required of a nonresident before the sheriff may distrail for taxes.

6.  Taxation—Delinquent Taxes—Sale of Land—Purchase by State—Bill to Restrain Sale.—Where the fee-simple title to land sold to the State for taxes and not redeemed had vested in it, a petition to restrain the State's officers from selling the land, which failed to aver either that the taxes had been paid or that the land had been redeemed, was fatally defective.

7.  Taxation—Tax Sales—Redemption After Expiration of Redemption Period.—Ky. St. 1909, Sec. 4152, provides that, in the redemption of land sold to the State for taxes, the county clerk, at any time within two years after the sale, or until the revenue agent under the Auditor's direction assumes charge of a collection by sale or otherwise, is vested with authority to collect the delinquent taxes, interest, and penalties; and section 4154 allows the revenue agent 15 per cent. for the collection and payment of delinquent taxes, interest, etc. Held, that, notwithstanding the fee-simple title to land sold to the State for taxes vests in the State on the expiration of the two-year redemption period, such title is subject to be divested by the payment of the taxes by the delinquent prior to the sale of the land by the revenue agent.

8.  Taxation—Sale for Taxes—Vacation—Lien.—Ky. St. 1909, Sec. 4036, providing that, where a sale of land for taxes is set aside, the purchaser shall have a lien for the taxes and costs paid by him for which the property is liable, with legal interest from the time of payment, which may be recovered by the owner, is applicable to sales of land bid in for the State, as well as sales to individuals.

On rehearing.

Taxation—Tax Sales—Purchase by State—Redemption—Penalties—Interest.—Where lands are bought in by the State at a tax sale, the purchase money bears interest at 30 per cent. per annum for two years, and a penalty of 15 per cent. on the amount of the purchase money is added; but, the statute be-

James, Auditor, &c. v. Blanton, &c.

ing silent as to the rate of interest after two years, only the legal rate of interest can be charged thereon up to the time of payment to the revenue agent, to be computed, however, on the gross amount that was due and should have been paid, had the land been redeemed at the close of the two years, and 15 per cent. of the amount due when so paid, embracing the 6 per cent. interest from the end of the two years to the time of redemption, will be added as compensation for the revenue agent.

JAMES BREATHITT, Attorney General, and JOHN F. LOCKETT, Assistant Attorney General, for appellants.

### POINTS AND AUTHORITIES.

1. The petition for an injunction in this case is fatally defective because no tender of the taxes was made by plaintiff, and the court failed to require the payment of the taxes actually due before granting the restraining order. Defendant's demurrer should have been sustained. Louisville Water Co. v. Clark, 15 Rep. 94, sustained by Supreme Court of the United States, and undisturbed by opinion of Judge Hazelrigg in suit against same parties, 16 Law Rep. 586; Alexander v. Aud, 28 Rep. 74.

2. Sheriff is tax collector by virtue of his office. Ky. Stat. 4129; Duty to collect when tax is due and pay over. Ky. Stat. 4143; If not paid when the duty to distrain and sell. Ky. Stat. 4149. To buy for State where there is no other purchaser. Ky. Stat. 4151-2; Two years for redemption by taxpayer. Ky. Stat. 4151-2. A failure to redeem vests fee simple in State. Ky. Stat. 4154; Auditor after two years to order sale. Ky. Stat. 4154.

3. There is no claim that the tax was not assessed properly, and against the proper person, or that it ever was paid. No charge that the sheriff levied on or sold property that did not belong to the party owning same and owing tax on same. No charge of irregularity in making sale or reporting same, or that it was not of record at the time the plaintiff became purchaser at decretal sale.

J. S. LUSCHER for appellees.

### PRINCIPLES DISCUSSED.

The following principles of law applicable to the case at bar have been gone into with more or less elaboration:

1st. That a sale of land adversely held is absolutely void.

2nd. That a pleading in a tax sale in order to be good need not set out every step that was or was not taken by the officer, if

it sets out one or more which standing alone would vitiate the sale.

3rd. That the five years Statute of Limitations applies to taxes and the State is bound by that statute.

4th. An action to recover a penalty is barred in five years.

5th. That the State never had more than a lien on the land, and that has been lost by lapse of time.

6th. That the failure of the county attorney to institute proceedings to recover possession is not a "mere irregularity," but is such a failure of duty as will vitiate the sale.

7th. That where a claim is barred by limitation, nothing is due and an injunction is the proper remedy.

### AUTHORITIES CITED.

Section 210, Kentucky Statutes (Carroll's Edition); Section 2515, Kentucky Statutes (Carroll's Edition); Section 2523, Kentucky Statutes (Carroll's Edition); Section 4021, Kentucky Statutes (Carroll's Edition); Section 4151, Kentucky Statutes (Carroll's Edition); Section 4152, Kentucky Statutes (Carroll's Edition); Section 4153, Kentucky Statutes (Carroll's Edition); Com. v. Three Forks Coal Co., 95 Ky. 273; 15 R. 633; Alexander v. Aud, 121 Ky. 105, 28 Ky. L. R. 69; Husbands v. Polivick, 128 Ky. 652; 29 R. 890; Com. v. Nute, 115 Ky. 239; 24 Ky. L. R. 2138; National Bank of Pittsburg v. Licking Valley Land Co., 15 Ky. L. R. 211; Com. v. Rosenfield Bros., 25 Ky. L. R. 2229; Chicago, St. L. & N. O. Ry. Co. v. Com., 24 Ky. L. R. 2124; Boyd v. Com., 91 Ky. 472; Seibert v. City of Louisville, 30 Ky. L. R. 1317.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

In April, 1893, the sheriff of Franklin county sold certain property of Mrs. Alice Blanton at public sale to make the taxes due the state and county for the year 1892; and, no one else bidding, the property was bid in for the state. Similar sales were made in the years 1895 and 1896. In the year 1908 the property was sold in a suit against Mrs. Blanton, and was bought by J. B. Blanton and others. In January, 1909, James A. Violett, a state revenue agent, acting under the direction of the Auditor, advertised the land

for sale for the taxes for 1892, 1895, and 1896, for which the property had been bid in by the state at the sheriff's sales above referred to. Thereupon J. B. Blanton and others brought this suit to enjoin the Auditor and Violett, as revenue agent, from making the sale of the property for the taxes, alleging in their petition that they were the owners of the property by reason of their purchase at the judicial sale; that more than 15 years had elapsed since the cause of action accrued in favor of the state as to the taxes for 1892, that more than 5 years had elapsed since the accrual of the cause of action as to taxes for 1895 and 1896, and that the whole claim was barred by limitation; that since 1896 the property had been assessed and the taxes paid year by year by Mrs. Blanton and those claiming under her; and that the commonwealth is estopped now to claim the owner-ship of the land. The petition also contained this alle-gation: "Plaintiffs say that the commonwealth of Kentucky did not, nor did any of its agents, employes, or representatives, within 80 days or at any other time, after the alleged sale for the alleged taxes was made, ever institute any proceeding to recover pos-session of said property or collect the alleged tax. Plaintiffs state that the alleged tax claimed to be due on said land was never demanded of them, or Mrs. Alice B. Blanton, or any one else, either by mail or otherwise; that said alleged sale for said alleged tax was null, void, and of no effect."

The Auditor filed a demurrer to the petition which was overruled. He then filed an answer, in which he admitted the purchase of the property by the plain-tiffs in the proceeding against Mrs. Blanton, but pleaded that at the time of their purchase the rec-ords of the county clerk's office showed the sheriff's

sale of the land and the purchase by the state, and that they. took the property with notice of the state's rights. He admitted that Mrs. Blanton and those claiming under her had been in possession of the property since its purchase by the state, and had paid the annual taxes for the years since 1896, and that no proceeding had been instituted by the state to recover the land or the taxes. He alleged that he was only endeavoring on behalf of the state to collect the taxes, interest, and penalties, and offered to release all right or title of the state to the property upon the payment of the taxes. The circuit court sustained a demurrer to the answer, and perpetuated the injunction which had been granted by the clerk. The commonwealth appeals.

The ruling of the circuit court was apparently based upon the ground that the commonwealth, by its purchase of the land at the tax sale, acquired only a lien upon it for its taxes, and that this lien which is created by statute was barred by the limitation of five years. It has been held that taxes are claims created by statute, and are barred after five years from the time the cause of the action accrued. On the other hand, if the title to the property vested in the commonwealth by the tax sale, then its right of action was not barred until 15 years after it accrued. In holding that the state acquired only a lien by virtue of its purchase at the tax sale, the circuit court apparently followed Husbands v. Polivick, 128 Ky. 652, 96 S. W. 825, 29 Ky. Law Rep. 890. The effect of a tax sale will depend upon the statute under which it is made. The sales in question in that case were made for the year 1884, and were necessarily governed by the law then in force. The court in its opinion quotes the provisions of these statutes, and shows that under them

the Legislature only intended that the state should acquire a lien for the taxes by its purchase at the tax sale. But in that opinion it was clearly intimated that the Legislature might provide otherwise if it saw fit to do so. The present statutes are materially different from the statutes then in force. Sections 4152, 4153, and 4154, Ky. St., under which the sales here in controversy were made, provide as follows:

"Sec. 4152. If no one will bid for and purchase such land at the amount of tax, the charges due and the cost of sale including the cost of advertising, it shall be the duty of the sheriff or collector to purchase the same for the state of Kentucky for the amount of the tax due and the commission thereon, and shall make return to the county clerk, who shall record the same in a book kept for that purpose, and the clerk shall certify the same to the Auditor of Public Accounts, and the sheriff or tax collector shall have a credit for the same in his settlement with the Auditor. The clerk shall have a fee of twenty-five cents for making such entry. The owner of such real estate, his representatives, heirs or assigns, shall have the right to redeem the same from the state, or any other purchaser at any time within two years after the day of sale, by paying the purchase money, with interest at the rate of thirty per cent. per annum, and in addition, fifteen per cent. upon the total amount of the purchase price and the amount of the clerk's cost if any. The state shall have the right of possession of lands purchased by it at any time after the expiration of thirty days from the giving of the notice provided for in the next section, and the purchaser other than the state, shall have the right of possession of lands purchased by him at any time after the expiration of six months from the giving of the

notice provided for in the next section. In the redemption of lands sold to the state for delinquent taxes at any time within the period of two years after the sale, or until the revenue agent, under the direction of the Auditor, assumes charge of the collection by sale or otherwise, the county clerk is hereby vested with the authority to collect such delinquent taxes, interest and penalties as prescribed by law, and he shall make report thereof to the Auditor as often as the latter officer may require, and not less than once in every thirty days; and he shall pay into the treasury all moneys collected by him as herein authorized on the first day of every month, and oftener if required by the Auditor.

"Sec. 4153. It shall be the duty of the county attorney for each county within fifty days after sale to notify the owner of the land purchased by the state, county and district of such purchase; and if the land so purchased be not redeemed within thirty days from such notification, he shall institute a proceeding for the recovery of possession of such land; and if such land be redeemed after such proceedings are instituted, the owner shall, in addition, pay the cost of such proceedings. The failure of the county attorney to give such notice and institute such proceedings within the time specified shall subject him to a fine of twenty dollars for each offense; and it is hereby made the duty of the county judge to report each and every such failure to the circuit court, at its next term thereafter, whereupon the circuit judge shall cause to issue a rule against said county attorney to show cause, if any, why said fines shall not be entered up against him; and such fine, when collected, shall be for the benefit of the state. In every case where such lands are redeemed from the state, county and district at

any time within the period of two years allowed for redemption, the county attorney shall have as his commission, when he attends to his duties, twenty per cent. of the amount of the money paid to redeem such land, but if he fail to attend to such duties, he shall receive no commission, and the whole of the redemption money shall belong to the state, county and district. It shall be the duty of the purchaser other than the state, county and district, within fifty days after the sale, to give notice in writing to the owner of the land purchased by him, of such purchase, and if such land be not redeemed within six months after such notice, he may institute such proceedings for the recovery of the possession of such land.

"Sec. 4154. If the land be not redeemed within two years allowed for that purpose, the fee-simple title thereto shall vest absolutely in the state, county and district, each having a joint interest therein, in proportion to the tax due them respectively; and if said lands purchased by the individuals be not redeemed within two years allowed for that purpose, the fee-simple title shall at once vest in such individual. The revenue agent, under the direction of the Auditor of Public Accounts, may, after the two years for redemption have expired, advertise and sell at public sale any of said lands forfeited to the state, and the Auditor may convey said lands by deed to the purchaser, and he shall pay to the county or district, or both, the amount of such tax due each. The revenue agent shall be allowed fifteen per centum for the collection and payment into the treasury of said delinquent taxes, the fifteen per centum to be collected from the delinquent or purchaser, as well as the fee for advertising."

It will be seen that by section 4154 it is expressly provided that, if the land is not redeemed within the two years allowed for that purpose, the fee-simple title thereto shall vest absolutely in the state, county and district, each having a joint interest therein in proportion to the tax due them, respectively, and that the revenue agent, under the direction of the Auditor, may, after the two years allowed for redemption have expired, sell the land, collect the purchase money and pay to the county or district the amount of tax due each. The language of the section shows an unmistakable intention on the part of the Legislature to change the rule theretofore existing, and to declare that,when the state bids at a tax sale, it shall take a fee-simple title to the land, if not redeemed within two years. When the state has purchased land under these statutes at tax sales, the state has a lien on the land for the taxes and penalties until the two years allowed for redemption have expired; but, if the land is not redeemed within the two years, the fee-simple title then vests in the state. The statute is valid.

It is the duty of the county attorney, under section 4153, to notify the owner of the land within 50 days after the sale and to institute proceedings to recover possession of the land within 30 days thereafter. It is his duty to comply with this statute, and if he fails to comply with it he is subject to a fine of $20 for each offense; but his breach of duty in no wise affects the right of the state, in case the land is not redeemed within 2 years. Section 4153 merely provides an additional remedy by which the state may require the taxes paid at once, or get possession of the land; but the failure of its officer to institute this proceeding does not place the delinquent taxpayer in any better position that he would be if the proceeding was not

provided for.   The purpose of the provision is simply
to secure a more prompt collection of the state rev-
enues.  That this is what the Legislature contemplated
is shown by the provision that, in every case where the
lands are redeemed at any time within two years, the
county attorney shall have a commission of 20 per
cent. when he attends to his duties, and a further pro-
vision that, if the land is not so redeemed, the fee-
simple title shall vest in the state.   The Legislature
foresaw that cases might occur where the county at-
torney might neglect his duty, and intended that his
neglect of duty should not give the delinquent tax-
payer an advantage over the state.   Commonwealth
v. Rosenfield, 118 Ky. 374, 80 S. W. 1178, 82 S. W.
433, 25 Ky. Law Rep. 2229, 26 Ky. Law Rep. 726.

We therefore conclude that the commonwealth by
the tax sales in question acquired a fee-simple title to
the land, and not a mere lien on it, when it was not
redeemed within two years after the sale.   The first
sale having been made on April 24, 1893, the fee-sim-
ple title vested in the state April 24, 1895; so this ac-
tion, which was brought in January, 1909, was
brought within fifteen years after the title vested in
the state.

The taxes for the year 1892 were levied under an
act practically the same as the present statute.   See
Gen. St. 1888, pp. 1077, 1078.   The previous statutes
contained no such provisions.   It is not material that
the taxes in question were not demanded by mail or
otherwise.   By section 4149, Ky. St., the sheriff may
distrain without demand after the 1st day of July of
the year for which the tax is due.   It is not averred
that Mrs. Blanton was a resident of Franklin county,
and no demand is required except in case of a resident.
It is not averred that the taxes have been paid, or that

the land has been redeemed. No facts are alleged suf-ficent to invalidate the tax proceedings.

It will be observed that by section 4152 it is pro-vided that, in the redemption of land sold to the state for delinquent taxes, the county clerk at any time with-in two years after the sale, or until the revenue agent under the direction of the Auditor assumes charge of the collection by sale or otherwise, is vested with authority to collect the delinquent taxes, interest and penalties. It will also be observed that by section 4154 the revenue agent shall be allowed 15 per cent. for the collection and pay-ment into the treasury of the delinquent taxes, the 15 per cent. to be collected from the delinquent or purchaser, as well as the fee for advertising. From this provision it is manifest that the delinquent tax-payer is allowed to pay the taxes, with interest and penalties, after the expiration of two years, and until the sale by the Auditor's agent, and thus save his land. The fee-simple title is vested in the state, but is subject to be divested on the payment of the taxes by the delinquent, and if the taxes are paid the title revests in the owner; for it is only where the land has been sold by the revenue agent that the Auditor may convey it by deed. The power given the county clerk to collect the taxes after the time for redemption has expired would otherwise be meaningless. So, also, would the provision that the revenue agent shall be allowed 15 per cent. where the money is collected from the delinquent. The statute was plainly intended to give the delinquent an opportunity to pay the reve-nue agent and thus arrest the sale of his land. It is presumed that the sheriff did his duty, and the burden under the present statutes is on the taxpayer to show that he did not do so. Alexander v. Aud., 121 Ky. 105, 88 S. W. 1103, 28 Ky. Law Rep. 69.

The petition stated no facts entitling the plaintiffs to relief. The demurrer to it should have been sustained. On the return of the case to the circuit court, either party may be allowed to amend his pleadings if he desires to do so. Section 4036, Ky. St., is as follows: "Whenever any person shall purchase property sold for delinquent taxes, and the sale shall be set aside because of any irregularity, the purchaser shall have a lien on the property for the amount of taxes and cost paid by him, and for which the property is liable, with legal interest from the time of such payment, which may be recovered from the owner of the property or person owning the same." This section applies no less to sales at which land is bid in for the state than to sales to others.

Judgment reversed, and cause remanded for further proceedings consistent herewith.

## ON REHEARING.

Where lands were bid in by the state, the purchase money bears interest at 30 per cent. per annum for two years, and a penalty of 15 per cent. on the amount of the purchase money is added. Interest runs on this gross sum at 6 per cent. from the expiration of the two years up to the time of payment to the revenue agent and 15 per cent. on the amount due is then to be added for the compensation of the revenue agent. Interest at 30 per. cent. is given by the statute for only two years from the sale; and, the statute being silent as to the rate of interest after two years, only the legal rate can be charged; but this must be computed on the gross amount that was due and should have been paid, if the land had been redeemed at the close of the two years. In like manner the 15 per cent. to be added for the revenue agent must be computed upon the amount then due, including the interest at

6 per cent. from the end of the two years to the time of redemption. Upon a careful reconsideration of the case, we are all of opinion that we properly construed the statute, and that our construction violates no principle of statutory interpretation.

The opinion is extended as above indicated, and the petition for rehearing is overruled.