SCHENLEY DISTILLERS, Inc. v. FRANK-LIN COUNTY BOARD OF EDUCATION et al.

Court of Appeals of Kentucky.

June 20, 1952.

Hazelrigg & Cox, Frankfort, for appellant.

Smith, Reed & Leary, Frankfort, for appellees.

COMBS, Justice.

This declaratory judgment suit was filed by Schenley Distillers, Inc. Named as defendants are the members of the Board of Education and the Sheriff of Franklin county. It is stated in the petition that, due to a decrease in anticipated revenue, the Board of Education has an operating deficit of $115,000 for the fiscal year ending June 30, 1952. By reason of the deficit, the Board has insufficient funds to pay in full the salaries of its teachers and other employees, and to pay other expenses for this fiscal year.

Taxes paid by Schenley on the withdrawal of distilled spirits from bonded warehouses in Franklin county constitute a substantial part of the Board's revenue. The spirits have been assessed and the Company had contemplated paying the taxes based on such assessments under the provisions of KRS 132.130–132.180. Those sections provide, in substance, that the assessment of distilled spirits in warehouses shall be made by the Kentucky Tax Commission as of September 1 of each year, but the owner is not required to pay the taxes on such assessment until the federal tax becomes due, or is paid, or when the spirits are removed from the warehouses. The taxes on each year's assessment bear 6% interest until paid.

The Board of Education's share of the taxes which the Company owes on the assessment of distilled spirits in warehouses for the years 1945, 1946 and 1947, with interest to April 30, 1952, amounts to $154,417.46.

The Legislature, at its 1950 session, enacted KRS 132.185 which provides an optional plan for the payment of taxes on distilled spirits in warehouses. By the terms of that statute, the taxpayer may, if he so elects, pay in one payment all taxes and interest which have accrued on distilled spirits assessed against him in warehouses, and thereafter pay the taxes annually on a "current basis." If the taxpayer elects to adopt this plan he thereby avoids the payment of interest between the time the tax accrues and the date it must be paid under KRS 132.130–132.180.

It is stated in the petition that the Company is willing to pay to the sheriff of Franklin county, for the benefit of the Board, the taxes which have accrued to the Board on assessments for the years 1945, 1946 and 1947, if it may legally do so, provided: (1) The payment of such taxes will not operate as an election by it to pay its taxes on a current basis under the provisions of KRS 132.185; (2) such payment may be made, for the benefit of the Board of Education, without affecting the manner in which the Company is required to pay the taxes which have accrued to Franklin county and the state of Kentucky on the assessments for the three designated years; (3) the payment to the Board of all taxes and interest, which have accrued for the benefit of the Board, by reason of the assessments for the three designated years, will constitute full payment of this tax on whisky which is withdrawn from the Company's warehouses prior to January 1, 1953.

Another issue raised by the pleadings is whether the Company is entitled, under KRS 134.020, to a 2% discount on such tax payments as are made at this time for the benefit of the Board.

The trial court held: (1) Payments of the taxes for the benefit of the Board, as outlined above, will not constitute an election by the Company to pay its taxes on a current basis under KRS 132.185; (2) such payments may be made without the Company being required also to pay at this time to Franklin county and the state of Kentucky the taxes which have accrued to the county and state on the assessments for the designated years; (3) the Company is not entitled to a 2% discount on such payments as are made at this time; (4) the payment of all taxes, with interest to date of payment, which have accrued for the benefit of the Board by reason of the assessments for the years 1945, 1946 and 1947, will

812

constitute full payment of all taxes due the Board by reason of such assessments on spirits which are removed from the Company's warehouses prior to January 1, 1953.

We agree with the trial court. The exact amount of the tax has been ascertained and fixed. The Company owes the tax at this time, although by the terms of the statute payment is not required to be made until the federal tax becomes due or is paid, or the spirits are removed from the warehouses. We know of no reason why the Company should not be permitted, under the circumstances here shown, to pay for the Board's benefit such taxes as have already accrued and the amount of which have become fixed and certain. See opinion on rehearing, Commonwealth v. Rosenfield Bros., & Co., 118 Ky. 374, 82 S.W. 433, first opinion, 118 Ky. 374, 80 S.W. 1178. Such payment would, of course, constitute complete satisfaction of the taxes so paid, based on the assessment for the years designated.

Since the Company has not elected to make payment to all taxing units for all past assessments, the payment to the Board of the taxes for these three years cannot be construed as an election on its part to pay its taxes on a current basis under the provisions of KRS 132.185. Nor do we know of any rule of law which would precipitate payment of taxes to the other taxing units for the three years in question merely because the Company is willing to make payment to the Board of the taxes allocated to it before it is legally required to do so.

The trial court correctly held that KRS 134.020 is not applicable, and that the Company is not entitled to a 2% discount. For a lucid discussion of this question, see opinion of M. B. Holifield, Opinions Attorney General, 1928, page 427.

It appears that the payment by the Company of these taxes at this time will accomplish a worthy purpose, and, since we know of no valid reason why the proposal should not be approved, the judgment is affirmed.