## DeSembly v. Dedman.

(Decided November 19, 1914.)

### Appeal from Mercer Circuit Court.

1. Taxation—Sale of Property of Married Woman—Rights of Purchaser—Redemption.—Under sections 4156 and 4160, of the Kentucky Statutes, the land of a married woman sold for taxes may be redeemed at any time within five years from the date of sale, and the purchaser cannot get a fee simple title to the property until the right of redemption has expired, although he may get possession of the property by giving the notice provided for in sections 4151-2-3.

2. Taxation—Sale by Revenue Agent—Deed by Auditor—When May Be Made.—Under section 4154 a revenue agent is not authorized to sell the land of a minor, lunatic, married woman or person under disability until the right to redeem given by section 4156 and 4160 has expired.

3. Taxation—Possession of Purchaser—Lien of for Taxes and Improvements—Rents.—When a purchaser buys land at a tax sale and gives the notice provided for by sections 4153 and 4156, he may take possession of the property and retain the same until it is redeemed, or until the right of redemption expires, at which time he may get a fee simple title. But if the property is redeemed the purchaser will have a lien for the amount of the purchase price, with the interest and penalties provided for by the statute, as well as a lien for money expended in recording deeds and certificates, with legal interest thereon. He will also have a lien for lasting and valuable improvements made to the extent of the amount they increase the vendible value of the land, but should be charged with rents during the time he has had possession.

4. Taxation—Purchaser at Tax Sale—When Must Give Notice to Owner—Effect of Notice on Rights of Purchaser.—The purchaser

at a revenue agent's sale, under section 4154, is not required to give notice to the owner, but if the purchaser at a collector's 'or sheriff's sale is an individual he must give the notice required by section 4153. or section 4156, whichever is applicable, or else he will not be entitled to the land but only to a lien for the amount paid for it, with legal interest. But if he gives the notice, he 'is entitled to interest and penalties as provided in section 4151-2.

5. Taxation—Sale of Real Property—Duty of County Attorney to Give Notice—Effect of Failure.—Where land is bought in by the State, county and taxing district, the county attorney and sheriff should give notice to the purchaser, as required by sections 4153 and 4158, but the failure to give this notice does not affect the rights of the purchaser.

C. E. RANKIN for appellant.

R. W. KEENON for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

In this case the appellant, Lettie C. DeSembly, a married woman, is endeavoring to recover the title to and possession of real property that was sold at a tax sale; while the appellee, Dedman, insists that he is entitled to hold the property by virtue of purchases made at tax sales and deeds made pursuant thereto; or, if not, to have a lien for the taxes paid, with interest thereon, together with money expended in recording deeds, with interest thereon, as well as for the value of improvements put upon the property after his purchase.

It appears from the record that the property in question was sold for taxes in 1908, 1909, 1910 and 1911. Some of these sales were made by the city collector of Harrodsburg, others by the sheriff of Mercer County, and one at least by the revenue agent, and in each instance a deed was made. So far as the sales made by the city collector and the sheriff are concerned, we have had little difficulty in reaching a conclusion, but when we come to adjudge the rights of the parties under the revenue agent's sale and the Auditor's deed made in pursuance thereof, a more serious question is presented.

Section 4151-2, of the Kentucky Statutes, provides, in substance, that when real estate is sold for taxes, if no one will bid for and purchase it for the amount of taxes, interest and penalties, it shall be the duty of the sheriff to purchase for the State, county and taxing district; that the owner shall have the right to redeem the same from the State, county and taxing district, or any other

purchaser, at any time within two years from date of sale, by paying the purchase money and stipulated interest and penalty. It further provides that the State, county and district shall have the right of possession of lands purchased by them at any time after the expiration of the thirty days provided for in Section 4053, and that a purchaser other than the State, county and district shall have the right to possession at any time after the expiration of six months from the giving of the notice.

Section 4153 provides, in substance, that it shall be the duty of the county attorney to notify the owner of land purchased by the State, county and district, of such purchase, and if the land so purchased be not redeemed within thirty days from such notification, he shall institute a proceeding for the recovery of the possession of such land. It further provides that it shall be the duty of the purchaser other than the State, county and district, within fifty days after the sale to give notice in writing of such purchase to the owner of the land purchased by him; and if such land be not redeemed within six months after such notice, he may institute proceedings for the recovery of the possession.

Reading these two sections together, it will be seen that when no one else will purchase the property, it shall be bought in for the State, county and taxing district, and that when so bought in it shall be the duty of the county attorney to notify the owner of the land, and if the owner fails to redeem the same within thirty days from such notification, the county attorney shall bring suit for the recovery of the possession of the land. If, however, the land is purchased by an individual, he shall give the purchaser notice within fifty days, and if the land be not redeemed within six months after such notice, he may institute proceedings for its recovery. These sections also provide for the right of redemption of the property by the owner at any time within two years from the date of sale. This provision for the redemption of the land within two years after the date of sale is a general one applicable to all owners, and without any exception every one has the right of redemption for two years notwithstanding the fact that by the giving of the notice required the possession of the property may pass to the purchaser.

Section 4154 provides, in substance, that if the land be not redeemed within the two years allowed for that purpose, the fee simple title thereto shall vest absolutely

in the State, county and district, where it has been purchased for them, or in the individual purchaser, as the case may be. It also provides that the revenue agent may after the two years allowed for redemption have expired, sell the land at public sale, and the auditor shall convey the same to the purchaser. This section, as will be seen, contemplates that at the expiration of the two years allowed for redemption the title in the property, if not redeemed, shall vest in the State, county and taxing district, if they were the purchasers, or in the individual if he was the purchaser. But this divesture of the title of the owner at the end of two years does not embrace persons who are minors or married women or lunatics or persons laboring under other disabilities, for it is provided in Section 4156 that a minor or other person laboring under a legal disability, except a lunatic or married woman, at the date of sale shall have one year after the removal of the disability to redeem the property.

This section also provides that any purchaser other than the State, county and district shall forfeit his right to the purchase unless within six months after the sheriff shall have delivered to him the certificate of purchase he shall give notice in writing of his purchase to the married woman, lunatic or person laboring under other disabilities. It further provides that if the lands of a lunatic or married woman be not redeemed within five years from the reception of the notice, the title shall become absolute. So that under this section when the land of a minor or person laboring under a disability, except a lunatic or a married woman, is sold, the right of redemption continues until after the expiration of one year from the removal of the disability, and as to lunatics and married women continues for five years after the reception of the notice.

In Section 4160 it is provided that if the purchaser be the State, county and taxing district, the land may be redeemed for an infant any time during his infancy or within one year after his majority; and that the land of a married woman or lunatic may be redeemed at any time within the period mentioned in Section 4156; that is, five years.

It will thus be seen that infants, married women, lunatics and persons laboring under a disability are given a much longer time to redeem the land than are other persons, although the purchaser may by giving the

notice provided for in Sections 4151, 4152 and 4153 get possession of the land. But the fee simple title of the owner is not divested until the time within which the land may be redeemed has expired. In other words, if the land of an adult male or unmarried female of sound mind should be sold, the purchaser could get possession within six months after giving the notice of his purchase provided for in these sections, and if the land was not redeemed within two years the fee simple title would vest in the purchaser, as provided in Section 4154. But if the owner was a minor or lunatic or a married woman, while the purchaser might be entitled to possession by giving notice, he would not get the fee simple title until the time allowed to this class of persons to redeem had expired.

This right of redemption on the part of this class of persons is the same whether the purchaser at the tax sale be an individual or the State, county and taxing district. The statute does not give any preference in this respect to the State, county and taxing district over the individual or take from the owner any right to redeem the property that he would have if the purchaser were an individual. The State has put in a class by themselves married women, minors, lunatics and persons laboring under a disability, and the rights of this class of persons are very different from the rights of other persons.

It will be observed that Section 4154 provides that where the property is purchased by the State, county and taxing district the fee simple title shall vest absolutely in the State, county and district, when the two years have expired and thereupon the property may be sold by the revenue agent and the deed made by the Auditor to the purchaser. But this section must be read in connection with the other sections relating to married women and persons laboring under disability, because obviously it was not intended that they should be divested of the title to their land at the expiration of two years from the date of sale or divested until after the expiration of the time given them by Sections 4156 and 4160 in which to redeem the property.

Taking now the case we have, the purchaser at the tax sale did not give the notice required by Section 4156; but it is contended in his behalf that he is entitled to the property by virtue of the deed made to him by the Auditor pursuant to a sale made by the revenue agent after the expiration of two years from the time when

the property was sold and purchased in by the State, county and district.

This position would be correct as to an adult not laboring under any disability, but the appellant was a married woman, and as she was given five years in which to redeem the property by Sections 4156 and 4160, we do not think it was intended that the revenue agent might limit this right of redemption to two years by selling the property at the end of two years from the date of sale. If the property could be sold at the end of two years, as provided in Section 4154, and the sale and conveyance passed the fee simple title to the purchaser, manifestly the provisions of Sections 4156 and 4160 giving five years in which to redeem, would be meaningless. There appears to be conflict in these statutes in reference to the matter we are now considering, but we think Sections 4154, 4156 and 4160 may be reconciled by the construction that the revenue agent cannot, under Section 4154, sell the property of a minor or lunatic or married woman or person laboring under a disability, until after the time for redemption allowed to this class of persons has expired. The purchaser may get possession before this time by giving notice, but he cannot get the complete title until the time to redeem has expired.

So construed, the appellant was not divested of her fee simple title to this property by the sale made by the revenue agent or the deed made by the State Auditor, as the sale made by the revenue agent was made before her right to redeem had expired.

The question is raised as to when notice should be given to the owner and the effect of the notice. The purchaser at a revenue agent's sale, under Section 4154, is not required to give any notice to the owner, as the sale and deed made by the Auditor pursuant thereto pass to the purchaser the fee simple title. If, however, the purchaser at a collector's or sheriff's sale is an individual, he must give the notice required by Section 4153 or Section 4156, whichever is applicable, and if he fails to give this notice he will not be entitled to the land, but only to a lien for the amount paid for it with legal interest. But if he gives notice he may, there being no other obstacle in the way, get title to the land, and in any event will have the interest and penalties provided for in Sections 4151-2.

When the land is bought in by the State, county and taxing district the county attorney should give the notice required by Section 4153 and the sheriff the notice required by Section 4158, but the failure of these officers to give the notice does not affect the rights of the purchaser. It was so held in James v. Blanton, 134 Ky., 803.

According to these views, the appellee does not get title to the property, but he has a lien for the amount of taxes paid, with legal interest thereon, in cases in which he did not give the notice to the owner. In cases in which he did give the notice to the owner, he is entitled to a lien for the taxes, with the interest and penalties provided by Section 4151-2. He should also have a lien for the amount expended by him in recording deeds and certificates, with six per cent thereon.

The other question relates to the improvements put on the property by the appellee after it was deeded to him under his purchase at the tax sales. For any permanent, lasting improvements that the appellee put upon the property he is entitled to be compensated to the extent that these improvements enhanced the vendible value of the property as of the date of the judgment, and should have a lien on the property to secure this amount, whatever it may be. But he should also be charged with the reasonable rent of the property in its unimproved condition during the time that he had it in possession. Hatcher v. Howes, 138 Ky., 646.

Wherefore, the judgment is reversed, with directions to proceed in conformity with this opinion.