## Forcht v. National Surety Company.

## O'Sullivan v. Same.

(Decided October 12, 1917.)

## Appeals from Jefferson Circuit Court (Chancery Branch, First Division).

1. Husband and Wife—Married Women—Suretyship—Statutes—Construction.—Where a married woman and her husband, for the purpose of indemnifying a surety on her husband's bond, agree to obtain an assignment of an existing mortgage on her property and of certain real estate bonds thereby secured, the indemnity contract specifying that the bonds are outstanding and unpaid, and pursuant to that agreement the mortgagee upon payment of his debt, assigns the bonds and mortgage to the surety company, this is a setting apart of her property by deed of mortgage or other conveyance, within the meaning of section 2127, Kentucky Statutes, so as to make it liable for the debt of her husband under the indemnity contract.

2. Taxation—Sale—Redemption—Married Women.—Where the land of a married woman is sold for taxes, it may be redeemed at any time within five years from date of sale, and a revenue agent has no authority to sell, and the purchaser does not acquire a fee simple title to, the property of a married woman until the time for redemption has expired.

3. Taxation—Sale—Setting Aside—Right of Mortgagee.—A mortgagee has such interest as entitles him to maintain a suit to set aside a tax sale of the mortgaged property. ·

4. Taxation—Tax Deed—Prima Facie Case—Pleadings—Demurrer.—The question of the validity of a tax sale may be raised by demurrer, where the facts alleged in the purchaser's petition overcome the prima facie case of the regularity of the proceedings made by the production of the tax deed.

MATT. J. HOLT for appellant Forcht.

CHARLES CARROLL for appellant O'Sullivan.

DUFFIN, SAPINSKY & DUFFIN for appellee National Surety Company.

GEORGE CARY TABB and PENDLETON BECKLEY for City of Louisville.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming in each case.

The two appeals mentioned in the caption are prosecuted on the same record and will be considered in one opinion.

The suit was originally brought by the city of Louisville against Bertha B. O'Sullivan to enforce a tax lien on her property. The National Surety Company was made a party and asserted a mortgage lien on the same property. Fred Forcht intervened and asserted title to the property under and by virtue of a tax sale. A demurrer was sustained to his petition and the petition dismissed. A judgment was then rendered enforcing the tax lien of the city of Louisville and the mortgage lien of the National Surety Company.

The controversy between Mrs. O'Sullivan and the surety company grows out of the following facts: Mrs. O'Sullivan was the owner of real estate in the city of Louisville, which she mortgaged to the Louisville Title Company to secure an indebtedness of $3,500.00, represented by seven bonds of $500.00 each, due respectively in one, two, three, four, five, six and seven years, from the date of the mortgage. Some time later the Kentucky Refining Company, a corporation with its principal place of business in the city of Louisville, believing that its property was exempt from city taxation as a new manufacturing concern, employed Mrs. O'Sullivan's husband, Daniel E. O'Sullivan, attorney at law, to procure such exemption. Of the agreed fee of $5,000.00, $1,000.00 was paid in cash, while the balance was deposited with the Louisville Trust Company to be held by it until the expiration of five years, at which time it was to be turned over to O'Sullivan, in case the claim for exemption was sustained. The city assessor was of the opinion that the property of the Kentucky Refining Company was exempt from taxation and refused to assess it. Thereupon O'Sullivan applied to the Kentucky Refining Company for the payment of the remainder of his fee, but the company refused to permit the money to be turned over to him unless he gave security for the return of the money, in case the company was compelled to pay the taxes. Thereupon O'Sullivan executed bond to that effect with the National Surety Company as surety. To secure the surety company against loss, Mrs. O'Sullivan and her husband entered into an indemnity contract, by which they pledged to and deposited with the surety company, as collateral security, the seven real estate mortgage bonds, payable to the Louisville Title Company which they represented in the contract as being unpaid and outstanding and as having been duly assigned by the Louisville Title Company to the surety company. They

also executed and delivered to the surety company another mortgage for $500.00. On the same day the Louisville Title Company assigned to the surety company the seven real estate bonds in question, and the mortgage by which they were secured. The property of the Kentucky Refining Company was subsequently held liable for taxes.

No question is raised as to the validity of the $500.00 mortgage which Mrs. O'Sullivan and her husband executed direct to the surety company, but it is insisted that the assignment of the real estate bonds and the mortgage by which they were secured, was not such a setting apart of her property by deed of mortgage or other conveyance, as would make it liable, under section 2127, Kentucky Statutes, for her husband's debt under the indemnity contract on which she was a mere surety. The argument is as follows: The only deed of mortgage which Mrs. O'Sullivan executed was to the Louisville Title Company, to secure the $3,500.00 borrowed from it. Mr. O'Sullivan took the money which he received from the Kentucky Refining Company, and discharged that mortgage. Her property having been set aside by that mortgage to secure a particular debt of her husband's, and the mortgage having been paid, it could not be transferred to another person to secure a new and independent debt of her husband's. There might be some merit in this contention if the mortgage had been paid and released. As a matter of fact, however, both Mrs. O'Sullivan and her husband agreed with the surety company, that the real estate bonds were unpaid and outstanding, and not only agreed to obtain, but did obtain, from the Louisville Title Company, an assignment of the bonds and mortgage in question. It will thus be seen that the mortgage was not extinguished, but was kept alive by the express agreement of the parties and the act of the original mortgagee in making the assignment pursuant to that agreement. By the assignment, the same sum of money was payable to the surety company as assignee, and the payment of this sum was secured by mortgage. No new and independent debt was created. The new creditor merely took the place of the original mortgagee, the only difference being that the old debt was payable to the new creditor, only on the happening of a particular event. We therefore conclude that the surety company merely stepped into the shoes of the original mortgagee, and that the assignment of the bonds and

mortgage was a setting apart of the wife's property by deed of mortgage or other conveyance within the meaning of the statute.

2. Forcht claims to have acquired title to the property in question in the following manner: On January 30, 1911, the sheriff sold the property for delinquent state taxes for the year 1910, and the state of Kentucky became the purchaser. The property not having been redeemed, was sold by the State Auditor, acting through one of his revenue agents, on October 6, 1913, and Forcht became the purchaser for the sum of $81.35. On October 14, 1913, the property was conveyed to him by the Auditor, by deed, which was duly recorded in the Jefferson county court clerk's office on October 16, 1913.

It clearly appears from the record, that Mrs. O'Sullivan was a married woman long prior to the tax proceedings under which Forcht claims title, and has continued to be a married woman ever since that time. It is now well settled that where the land of a married woman is sold for taxes, it may be redeemed at any time within five years from date of sale, and a revenue agent has no authority to sell, and the purchaser does not acquire a fee simple title to, the property of a married woman until the time for redemption has expired. De-Sembly v. Dedman, 161 Ky. 128, 170 S. W. 529. It therefore follows, that Forcht did not acquire a fee simple title to the property in question, if as a matter of fact is was sold by the revenue agent within five years from the time the original tax sale took place. Forcht's own petition alleges that the property was sold by the sheriff on January 30, 1911, and the state became the purchaser, and that the sale by the revenue agent to Forcht took place on October 6, 1913, and the conveyance by the Auditor to him was made on October 14, 1913, thus conclusively showing that the sale by the revenue agent and the conveyance by the Auditor, were made within less than five years from the time the property was sold for taxes. It therefore follows, that Forcht did not acquire title to the property in question, under and by virtue of the tax proceedings; and the question was properly raised by demurrer because the *prima facie* case of the regularity of the proceedings made by the production of the Auditor's deed was completely overcome by the allegations of his own pleadings.

But the point is made that the plea of coverture is a personal one and that the validity of the tax sale to

Forcht cannot be called in question by the surety company. The rule that coverture is a personal plea has no application to a case like this. Under our statute, any person having a lien on property upon which the owner has failed to pay the taxes and has become delinquent, may pay the taxes, interest and penalties thereon, and be subrogated to the lien of the Commonwealth, county, or district therefor. Section 4032, Kentucky Statutes. And it is the well-established rule that a suit to set aside a tax sale may be maintained by any person who can show such an interest in the property as will entitle him to redeem from the tax sale. Miller v. Cook, 135 Ill. 190, 25 N. E. 756, 10 L. R. A. 292 (O. S.). We therefore conclude that the surety company as mortgagee had the same right as Mrs. O'Sullivan to question the validity of the tax title under which Forcht claimed.

The judgment in each case is affirmed.