## Brown's Executrix and Sole Devisee v. Greene, Auditor, etc., et al.

(Decided May 16, 1919.)

### Appeal from Franklin Circuit Court.

1.  Taxation—Sale of Land for Non-Payment of Tax.—Under sections 4151-2 and 4154, Kentucky Statutes, when lands are sold for taxes and purchased for the state and county, the state and county have a lien upon the lands of persons, free from disability, for two years, and upon the lands of a married woman for five years, and if not redeemed within such periods, respectively, the title, to the lands, vests absolutely in the state and county, in proportion to the amounts of taxes due each for which the lands were sold. The report of sale made by the sheriff to the clerk of the county court, when recorded, acts as a conveyance.

2.  Taxation—Sale of Land for Non-Payment of Tax.—When lands are sold for taxes, and purchased by the state and county, the owners may redeem same, by paying the redemption money to the clerk of the county court, at any time, before a revenue agent, under the direction of the Auditor, assumes charge of the collection of the taxes for which the lands were sold, and if authorized, by the auditor, in writing, the revenue agent may, thereafter, receive the money necessary to redeem the lands, from the owners and pay it into the treasury, although he may receive it after the title, to the lands, has vested in the state and county.

3.  Taxation—Sale of Land for Non-Payment of Tax.—The owners of lands sold for taxes and purchased by the state and county, may sell and transfer their right to redeem the lands and vest their assignees with the right to do so.

4. Taxation—Sale of Land for Non-Payment of Tax.—Where lands are sold for taxes and purchased by the state and county, the former owners or their assignees, may redeem same after the title has vested in the state and county, by paying the redemption money to the county clerk, if they do so, before a revenue agent under the direction of the auditor, has taken charge of the matter, and when such payment is made, it has the effect of divesting the state and county of the legal title, which vests again in the former owners of the land, and the same result will occur, if the payment of the redemption money is made to a revenue agent, who has authority from the auditor to make the collection.

5. Taxation—Sale of Land for Non-Payment of Tax.—The auditor is not authorized to make a private sale of lands which have been sold for taxes and purchased by the state and county, and is not authorized to convey the lands to a purchaser, except when a sale is made by the state, and such sale can be made only by a revenue agent, in the manner prescribed by law.

6. Taxation—Sale of Land for Non-Payment of Tax.—When lands have been sold for taxes and purchased by the state the owners or their assignees, may pay the redemption money, directly to the auditor, and if he accepts same and covers same into the treasury, and pays the portion, due the county to it, it will be in substantial compliance with the statute, and will work a redemption of the lands and divest the state and county of any lien or title, which they may have to the land.

FORMAN & FORMAN, GEO. G. BEACH and HENRY P. BROWN for appellant.

EDGAR W. PENDLETON, EDWARD C. O'REAR, JOHN F. FLOWERS and ALLIE W. YOUNG for appellees.

OPINION OF THE COURT BY JUDGE HURT—Reversing.

This action involves the right, of the Auditor of Public Accounts, to execute a deed to the purchaser of the lands, in controversy, at a sale, made by a revenue agent, on the 26th day of February, 1917, and therefore, the right of the Auditor to direct the agent to make the sale. The facts are these. The lands, which consisted of about forty-one thousand acres, in Floyd county, were listed and assessed for taxation, for the year, 1907, in the names of W. P. Wilson, W. S. Harvey, Walter S. Harkins and Josie D. Harkins, jointly. The latter was a married woman. These parties, having failed to pay the taxes, assessed against the lands, the sheriff of the county, advertised the lands for sale, and made a sale of them in satisfaction of the taxes, penalties, interest

and costs, on the 4th day of December, 1907, but, no one bid therefor, and the sheriff purchased same for the state and county, as it was his duty to do, under the provisions of section 4151-2 Ky. Stats. He reported the sale and purchase, regularly, to the clerk of the county court, who, in turn, reported the same to the Auditor of Public Accounts. Neither of the partes, or any one, for them, redeemed the lands within two years, after the date of the sale, by the payment of the taxes, interest and penalties provided by law, in such cases, but, thereafter, the former owners of the lands executed a writing to W. L. Brown and Joseph D. Harkins, the substance of the contents of which was to authorize Brown and Joseph D. Harkins to "repurchase or redeem" the lands, by paying to the Auditor, the sum, which the purchase money, interest, penalties and costs, then amounted to as provided by section 4151-2 Ky. Stats., and to waive the necessity of a sale of the lands after advertising as required by law, in case of a sale by a revenue agent, and to agree, that the Auditor might make a private sale of the lands to Brown and Joseph D. Harkins, and convey the lands to them. This writing was presented to the then Auditor of Public Accounts, on June 6th, 1911. The taxes, interest, penalties and costs, then due, amounted to the sum of $329.11, which Brown and Joseph D. Harkins paid to the Auditor, who accepted same, and as Auditor, then executed a deed to them, for the lands, which recited, that the consideration was the sum of $329.11, then due the state of Kentucky and Floyd county, for taxes, interest and penalties, and the further consideration of the terms of the writing executed by the former owners of the lands to Brown and Harkins, and which the deed recited was filed with the Auditor in lieu of a certificate of sale by a revenue agent. This deed was accepted and recorded, and thereafter for the years, 1912, 1913, 1914, 1915 and 1916, the lands were assessed for taxation, by the authorities of Floyd county, as the property of Brown and Joseph D. Harkins, who paid the taxes for those years. After the execution of the deed by the Auditor, two of the former owners of the lands, Wilson and Harvey, by deeds, quit-claimed any interests, in the lands, which they had to Brown. Thereafter, the present Auditor, becoming acquainted with the transaction between the former Auditor and Brown and Harkins, and conceiving that it was irregular, and the interests of

the state not properly guarded, and that the lands were still the property of the state, directed the revenue agent for Floyd county, to sell the lands, as provided by section 4154, Ky. Stats., and in the manner provided by law for such sales. After a fruitless attempt by Brown, in the Floyd circuit court, to restrain, by injunction, the agent from making the sale, as directed, the agent exposed the lands for sale, on February 26, 1917, when the appellee, Elkhorn Coal Corporation, became the purchaser, and the sale was duly reported. This action was then instituted, by Brown, to restrain the Auditor from executing a deed to the Elkhorn Coal Corporation, upon the ground, that it would cast a cloud upon the title of plaintiff, and necessitate, upon his part, an expensive litigation to remove the cloud. Joseph D. Harkins was made a party defendant, but, has never appealed from the judgment. The circuit court adjudged, that the plaintiff had failed to manifest any right of relief, and dismissed his petition.

The storm center of the controversy, is the transaction between Brown and Harkins and the then Auditor. It is contended for appellant, that the transaction amounted to a redemption of the lands from the purchase by the state and county, on December 4, 1907, and a valid sale and conveyance, to the assignee of the former owners of the title of the state and county, by the Auditor; while it is contended for appellees, that the transaction was not a redemption, but an attempted sale, which the Auditor was without authority to make, and that the proceeding was void, and bestowed no rights upon the grantees of the deed. The contentions make it necessary to consider the following aspects of the transaction:

(1) Did the persons, who owed the taxes for which the lands were sold, have a right to redeem them on June 6, 1911?

(2) If they had such right, could they make an assignment of the right and vest their assignees with the right to redeem?

(3) Did the writing, which they executed to Brown and Harkins, amount to an assignment of the right to redeem and authorize them to make the redemption?

(4) Could the lands be redeemed, by paying the redemption price to the Auditor, instead of it passing to him through the other channels, provided by statute?

. (5) Was the Auditor authorized to make a private sale of the lands, or if the transaction was a redemption, was the Auditor authorized to convey the lands, to them, by deed?

(6) If the Auditor was not authorized to accept the money paid to him, nor to execute the deed, what effect did these acts, on his part, have upon the rights of the grantees of the deed?

Section 4151-2, Ky. Stats., after providing for the purchase of real estate by the state, and the municipalities, which are entitled to assess it for taxes, when no one will bid therefor, the amount of the taxes due, interest, costs and penalties, says: ''The owner of such real estate, his representatives, heirs or assigns shall have the right to redeem the same from the state, county and district, or any other purchaser at any time within two years after the day of sale, by paying the purchase money with interest, at the rate of 10 per centum per annum, and in addition, 15 per centum penalty upon the total amount of the purchase price and amount of costs, . . . In the redemption of lands sold to the state, county and district for delinquent taxes at any time within the period of two years after the sale, or until the revenue agent, under the direction of the Auditor of Public Accounts, assumes charge of the collection by sale or otherwise, the county clerk is hereby vested with the authority to collect such delinquent taxes, interest, costs, commissions and penalties as prescribed by law, and he shall make report thereof, to the Auditor of Public Accounts, the treasurer of the county, and the proper. officer of the district, as often as the latter officers may require, and not less than once in every thirty days; and he shall pay into the state treasury, all moneys collected by him due the state; and the county treasury, all the moneys, due the county, and all moneys due the district, to the proper officer thereof, as herein authorized, on the first day of every month, and oftener if required by the Auditor of Public Accounts, or either of the officers mentioned. Said report of the county clerk showing the name of each owner and each piece of property redeemed, the years' taxes for which delinquent, the assessed valuation of the same for each year, and the total amount paid to the state, county and district, for redemption, shall be examined by the judge of the county court, and if found correct, certified to the Auditor of Public Ac-

counts, together with the total sum, due the state, as shown on said report, less five per centum commission, for the collection, which he shall retain for his services.'' The above section, also, requires the sheriff to report to the county court clerk, a sale of lands to the state and county, for taxes, and the clerk is required to certify same to the Auditor of Public Accounts.

Section 4154 Ky. Stats, is as follows:

''If the land be not redeemed within two years allowed for that purpose, the fee simple title thereto, shall vest absolutely in the state, county and district, each having a joint interest therein, in proportion to the tax due them, respectively;    .  .  .    The revenue agent, under the direction of the Auditor of Public Accounts, may, after the two years for redemption have expired, advertise and sell at public sale, any of said lands forfeited to the state, and the Auditor may convey said lands, by deed, to the purchaser, and he shall pay to the county or district, or both. the amount of such tax due each.   The revenue agent shall be allowed fifteen per centum for the collection and payment into the treasury of said delinquent taxes, the fifteen per centum to be collected from the delinquent or purchaser, as well as the fee for advertising.''

Sections 4156 and 4160, Ky. Stats., authorize a married woman to redeem lands of hers, sold for taxes and purchased by the state and county, by paying the redemption to the county clerk, at any time, within five years after the date of the sale.  Section 4162 Ky. Stats., after providing for the making of a report by the sheriff of the sales of lands for taxes, and the filing and recording of the report, in the office of the clerk of the county court, provides, as follows:

''Said report, when recorded, shall operate as a conveyance and vest the title to the property of all persons 'sui juris' in the state, county or district, or either when purchased by the state, county or district, or either, and shall be constructive notice to the world of the claim existing in favor of the purchaser, whether the state, county or district, or an individual, against the lands of persons laboring under no disability.''  The section then provides, that the failure of the sheriff to make and file the report, shall not affect the title of the purchaser, who may thereafter, file the report in the clerk's office, with

the same effect, as if it had ben filed and recorded at the proper time.''

Section 4260c, Ky. Stats., provides, as follows:

"No revenue agent shall be permitted to collect any moneys due either the state, or county, without special written authority from the Auditor, . . .''

(a)    It is gathered, from the foregoing statutes, when they are read together, as they must be, to ascertain the intention of the lawmakers upon the subject, that when lands are purchased for the state and county, in the absence of any other purchaser, the owners, if they are free from disabilities, may redeem the lands, at any time, within two years from the date of the sale, and if not redeemed within that period, the title to the lands vests absolutely in the state and county, and in proportion to the respective amounts, which were paid for the lands by them.    A married woman may redeem lands belonging to her and sold for taxes, at any time, within five years from the date of sale.    DeSemby v. Dedman, 161 Ky. 128.    In other words, the state and county have a lien upon the lands of persons free from disability, for two years, and upon the lands of a married woman for five years, to secure the payment to them of the taxes for which the lands were sold, the interest, penalties and costs, but, at the ends of these periods, respectively, if the lands have not been redeemed, the title is vested in the state and county, the sheriff's certificate of sale operating as a conveyance.    In such instances, although the county or a taxing district, may own the lands, jointly, with the state, neither the county nor taxing district can sell or convey the lands, nor their respective interests therein, but the Auditor of Public Accounts, acting through a revenue agent, alone, has authority to sell and convey the lands.    The revenue agent has no authority to sell the lands, nor to collect the proceeds of the sale, unless previously directed, by the Auditor, to do so, in writing.    Before the period, at which the title to the lands vests absolutely, in the state and county, the owners may redeem the lands, and remove the lien thereon, by paying to the county court clerk, the amount of the taxes, for which the lands were sold, with the interest, penalties and costs, and after the title has vested absolutely, in the state and county, but before a revenue agent has been directed by the Auditor and has assumed charge of the disposition of the lands, or the collection of the

taxes for which they were sold the former owners may still pay the amount of the taxes for which the lands were sold, with its statutory interest, penalties and costs, to the county court clerk, and if they do so, this has the effect of divesting the title of the state and county and reinvesting the owners with the title. After a revenue agent has taken charge of the disposition of the property, under the direction of the Auditor, if authorized, in writing, by the Auditor, to receive the money, he may do so, and the payment to him by former owners of the taxes, interest, penalties, costs, would necessarily have the effect of divesting the title of the state and county and reinvesting same in the owners, as the payment to the clerk would do, before the revenue agent had taken charge. The language of section 4151-2, *supra,* when it authorizes the owners, or former owners to redeem the lands by paying the sums necessary for redemption to the county clerk, "within the period of two years after the sale, or until the revenue agent, under the direction of the Auditor of Public accounts, assumes charge of the collection by sale or otherwise," and the language of section 4154, *supra,* where it says, "The revenue agent shall be allowed fifteen per centum for the collection and payment into the treasury of said delinquent taxes, the fifteen per centum to be collected from the delinquent or purchaser, as well as the fee for advertising," is not susceptible of any reasonable construction, except as above given. The revenue agent could not make a sale of the lands, until the two year period had expired, as against persons, free from disability, and the five year period has expired as against a married woman, and he could not collect or pay into the treasury anything, nor collect fifteen per centum from the delinquent, unless he was authorized to receive the redemption money from the delinquent, without sale, because, if he could only be authorized to sell the land, and not to receive the amount due "otherwise," he could collect only from the purchaser, and not from the delinquent. This construction of the statutes, in question, is in accordance with the construction, placed upon them by this court, in James, Auditor, etc. v. Blanton, etc., 134 Ky. 803; Ky. Lands Investment Co. v. Fitch, 144 Ky. 275. Hence, we conclude, that although two years had elapsed since the date of the sale, but, in as much as the revenue agent, under the direction of the Auditor, had not at that time, assumed

charge of the matter, the former owners were yet auth-
orized to redeem and save their lands, and as to Josie
D. Harkins, the title to her portion of the lands, had not
vested in the state, at that time.

(b2)   The statute, section 4151-2, *supra,* expressly
authorizes the owner of real estate which is sold for
taxes, "his representatives, heirs or assigns," to re-
deem the lands from the "state, county and district, or
any other purchaser" within two years after the day of
sale, and the above mentioned provisions of the stat-
utes, which extend the right of redemption beyond the
two years, and until a revenue agent assumes charge of
the matter, does not, in terms or by implication, exclude
an assignee from the right to redeem, at any time, at
which an owner may redeem.  If the former owner had
a right of redemption after the period at which the title
vested in the state, it is not possible to conceive, why
he may not sell and assign such right, unless prevented
by statute.   Wilson v. Germania Fire Insurance Co.,
140 Ky. 642.

(c3)   The writing, which was executed to Brown and
Harkins, by the former owners of the lands, has been lost
or misplaced, and its exact wording can not be shown,
but the evidence as to its contents, is that, the former
owners in consideration of the assignees paying the sums
necessary to redeem the lands, had assigned their right
"to redeem or to repurchase" the lands, to the assignees,
and waived their right to have a sale of the lands by a
revenue agent and agreed, that the Auditor might make
a private sale of the lands to the assignee, and convey the
lands to them.   The former owners, except Josie D.
Harkins, had no rights then in the lands, except the
right to redeem them from the sale for taxes, and she,
also, had such right.   They had nothing to waive in re-
gard to the manner of the sale of the lands by the Aud-
itor, nor any right to authorize him to make a private
sale, and nothing consented to, or agreed to, by them,
would confer any authority upon the Auditor.  They,
however, did have the right to transfer their right of
redemption, and to authorize the assignees to redeem
the lands, in their stead.  It is very clear, that they in-
tended by the writing, to transfer to the assignees, all
the right, which they had in the property, and this car-
ried, with it, the right of redemption, if not, in express
terms, in terms, which in substance transferred that

right.  All the parties understood, that the redemption of the lands from the purchase by the state and county, and the divesting of the title of the state and county, was necessarily the first and essential thing to be done, and this was actually done, by the payment of the purchase money, interests, penalties and costs, if the Auditor was authorized to receive the money.  Any language which shows the intention of the owner of a chose in action to transfer the property in it to another, will be sufficient to pass the property in it, to the assignee, in the absence of a statute prescribing a form of assignment.  4 Cyc. 42; Frankfort Bank v. Hunter, 3 A. K. M. 292; Newby v. Hill, 2 Met. 531; Lexington Brewing Co. v. Hamon, et al., 155 Ky. 711.

(4d)  Section 4154, *supra,* directs that when lands, which have been purchased for the state and county for non-payment of taxes, shall be sold by a revenue agent, after directions to do so, by the Auditor, the latter, shall pay to the country or district, the amount of the taxes due each.  The revenue agent can not receive any moneys due the state, unless he, first, shall have been granted permission or directed by the Auditor, to do so.  When the Auditor directs the revenue agent to collect taxes from a delinquent, whose lands have been sold for non-payment of the taxes thereon, and purchased for the county and state, which the Auditor may do before the period for redemption has expired, as well as after, the agent may collect and pay it into the treasury.  He does not certify his actions to any court, as the county clerk must do to the county court, when he shall have collected moneys paid to redeem lands.  Section 4267, Ky. Stats. declares it to be the duty of the Auditor to prosecute the collection of all delinquent taxes, as well as other demands due the state, which of course, means through the various agencies established by law for that purpose, but, there is no statute, which prohibits the payment of the money, necessary to redeem lands purchased by the state and county for taxes, directly to the Auditor, and in the instance of delinquent taxes, where the lands have been purchased by the state and county, and where the Auditor may authorize a revenue agent to receive the redemption money, and without such authorization, the agent can not receive it, and where, when the money is paid into the treasury, the Auditor must pay the county, the portion due it, and the portion due the agent to him,

and the revenue agent thus acts directly as the agent of the Auditor and by his authority and under his supervision, what reason exists, why the redemption money can not be paid to the Auditor and received by him, or by the treasury under his direction? The Auditor has, upon file in his office, the report from the county court clerk, showing the name of the delinquent, the lands sold and purchased, and all the data, necessary to the transaction of a redemption. Under such circumstances, a payment to the Auditor appears to be a substantial compliance with the statute. Provisions of the law governing the sales of lands for taxes, which are intended for the security of the citizen, must be strictly complied with, but, as said in 37 Cyc. 1282, "But a more liberal rule is applied to those statutory provisions which are intended only for the convenience of officers and system and dispatch in the conduct of public business; as to these, a substantial compliance with the statute is sufficient." In the instant case, it is to be presumed, in the absence of anything to the contrary, that the Auditor did his duty after receiving the redemption money, and paid to the county, the sum due it. The state received all that was due it, and when it did, it was divested of any title it had to the lands, and the Auditor was without authority to order their sale. The money reached the party, entitled to it, from the hands of those authorized to pay it.

(5e)   There is no authority given the Auditor in the statutes, to make a private sale of the lands purchased by the state, for taxes, and when they have been redeemed, and no title left in the state, as a matter of course, he is without authority to convey them. Besides, he is not authorized, in any instance, to make a conveyance of such lands, except when sold, in the manner directed by law by a revenue agent. Section 4154, *supra.* Hence, the deed, made by the Auditor to Brown and Harkins, was not valid, as a conveyance of title. When the redemption was made, the assignees became the equitable owners, and the legal title reverted to the prior owners, but, two of them, having conveyed the legal title to Brown, he became the owner of the legal title to an undivided one-half of the lands.

(B)    The suit of Brown against Mayo, in the Floyd circuit court, presents no estoppel to the prosecution of

this suit, as the only judgment in it, was the one, denying a temporary injunction, but upon what ground does not appear, and, further, neither the pendency of such suit nor the judgment denying a restraining order is plead or relied upon as an estoppel by any party to this action. Warner v. Bledsoe, 4 Dana 73; Ray v. Longshas, 4 R. 904; Stacey v. Holliday, 9 R. 517; Seibert v. Bloomfield, 23 R. 646; Payton v. Woolen Mills Co. 28 R. 1303; Farris v. Dunn, 7 Bush 276.

(C) Neither does the pleadings of Brown in the suit of Commonwealth of Kentucky v. W. P. Wilson, etc., for a forfeiture of the lands, present an estoppel to his maintenance of this action, upon the ground, that he contended in that action, that the transaction between, the Auditor and Harkins and himself was simply an attempted sale, and in this action, contended, that it was a redemption of the lands by himself and Harkins, as assignees. There has been no determination of that action, nor is there anything to indicate that the position taken by Brown in that action has caused the representatives of the Commonwealth of Kentucky to change their positions in this action, although in the former action, the Commonwealth alleged that the transaction amounted only to a redemption of the lands, being the same position assumed by the representatives of Brown in this action. Brown in the former action, denied, that the transaction was only a redemption, for the benefit of the former owners, but contended as here, that it was more than a redemption although he did not call the transaction by that name, but, also, a sale by the Auditor to him and Harkins. We do not understand, that, in the former action, Brown denied, that there was any redemption, at all.

The court erred in refusing to enjoin the execution and delivery of the deed by the Auditor to the Elkhorn Coal Corporation, and in holding, that the sale by the revenue agent, was authorized, and the judgment is therefore reversed, and cause remanded for proceedings consistent with this opinion.