## Grays v. Mills.

(Decided October 17, 1922.)

### Appeal from Bell Circuit Court.

1. Taxation—Tax Sales—Presumption.—Though Kentucky Statutes, section 4030, makes a tax deed prima facie evidence of the regularity of the tax sale, the presumption of regularity may be overcome by proof.

2. Taxation—Sale to State and Resale—Auditor's Deed—Validity.— A private sale by a revenue agent of land purchased by the state for taxes and not redeemed is invalid, and the Auditor's tax deed made pursuant thereto passes no title.

3. Ejectment—Taxation—Tax Sales—Private Sale—Evidence.—Evidence in an action in ejectment held to show that a tax sale by a revenue agent, under which plaintiff claimed, was a private sale and not a public sale.

N. J. WELLER and W. W. POINTS for appellant.

E. N. INGRAM for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Claiming under a deed executed by the Auditor under a tax sale made by a revenue agent, Ernest Grays sued James Mills in ejectment to recover a tract of land in Bell county. Mills answered and assailed the validity of the tax sale on numerous grounds. The law and facts were submitted to the court and judgment was rendered dismissing the petition. Grays appeals.

Of course there is no merit in appellant's contention that, on the introduction of the tax deed, he was entitled to a peremptory instruction. Though the statute makes a tax deed *prima facie* evidence of the regularity of the tax sale, the presumption of regularity may be overcome by proof. Section 4030, Kentucky Statutes; Anderson v. Daugherty, 169 Ky. 308, 183 S. W. 545.

One of the grounds on which the tax deed was assailed is that the land was sold privately and not publicly as required by the statute. As the statute authorizes a revenue agent to sell lands purchased by the state at tax sales, and not redeemed, only at public sale, it necessarily results that a private sale is invalid, and a deed made pursuant thereto passes no title. Section 4154, Kentucky Statutes; Brown's Executrix v. Green, 184 Ky. 300, 211 S. W. 860. The evidence leaves no doubt as to the character of the sale. When the land was offered at public

outcry, neither appellant nor any one else bid on it. On the contrary, appellant bought another tract. Later on he learned that the owner of that tract had a receipt for the taxes and went to the revenue agent who returned his money. He then looked over the list of the property advertised for sale and told the revenue agent that he would take the land in controversy. In other words, the sale was made after the public sale had ended, and without any opportunity for others to bid on the property, and was clearly a private sale.

Judgment affirmed.