### Buell v. Miracle.

(Decided July 1, 1924.)

### Appeal from Bell Circuit Court

Taxation—Tax Deed of Land of Married Woman Executed Within Five-Year Period of Redemption Allowed Her Invalid.—Where land of married woman sold for taxes is purchased by state, a deed made by auditor's agent within less than five-year period of redemption allowed her from date of sale under Ky. Stats., sections 4151-2, 4154, 4156, 4160, is premature and conveys no title, and holder of tax deed in such case has only a lien as against purchaser under decretal sale.

W. T. DAVIS, B. B. GOLDEN and J. M. GILBERT for appellant.

N. R. PATTERSON for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

J. C. Buell sued E. W. Miracle in ejectment. He filed with his petition as an exhibit, and made a part thereof a deed executed to him for the land in controversy by the state auditor on the 21st of October, 1918. This deed was properly executed, acknowledged and recorded and from the recitals it appears that the land was properly listed and assessed for taxation in the year 1914; that the revenue not having been paid, it was sold for taxes and purchased by the state on the 11th of January, 1915; that not having been redeemed it was again sold at public outcry by the state revenue agent in 1918, at which sale J. C. Buel became the purchaser at the price of $50.80, the amount of taxes and penalties, all the neces-

sary steps being set out. A number of issues were tendered by the answer and reference is made to such as we deem necessary.

It is alleged that Maggie Miracle purchased the land of one Daniels for a consideration of $3,500.00, $2,000.00 in cash and $1,500.00 deferred payment; that not having paid the deferred purchase money the vendor sued and enforced the purchase money lien on the land; that this was sold at decretal sale and one J. H. Jeffries became the purchaser in the year 1916; that the sale was confirmed and deed executed to Jeffries; that Jeffries conveyed the land to defendant in August, 1916, and that he was put in possession of same in November, 1916, and has since paid all the taxes thereon.

It is also alleged that defendant was in possession of the land at the time of the execution of the auditor's deed, and champerty is pleaded. In an amended answer defendant pleaded that Maggie Miracle was a married woman during the time of all the acts mentioned in the pleadings, including the date of the assessment and the execution of the various deeds therein mentioned; that by reason of this fact, the sale of the land by the auditor's agent was premature and the deed executed thereunder void.

A demurrer was overruled to the above pleas and issues joined as to other matters. The plaintiff declining to plead further the court gave judgment in his favor for $50.80 with interest from date of deed, with a lien upon the land, but dismissed his claim for recovery of the land. Plaintiff appeals.

Section 4151-2, Ky. Statutes, authorizes the sheriff in the absence of other bidding to purchase for the state, county and taxing district, land sold for taxes, and gives to the owner the right of redemption within two years from the date of sale. It also authorizes a recovery of possession upon complying with the provisions of section 4133 as to notice, matters not involved in this action.

Section 4154 provides that if the land is not redeemed within two years, a fee simple title shall vest in the state, county and district and that the revenue agent may then sell the land at public sale and the auditor shall convey it to the purchaser. Section 4156 gives to a minor, one year after attaining his majority, within which to redeem and to a married woman and lunatic five years after the purchase for such redemption. Section 4160 is to the same effect.

There is an apparent conflict in the statute, as in section 4154 a purchaser is given a fee simple title if the property is not redeemed within two years, while in sections 4156 and 4160, relating to persons under disability, the redemption period is extended.

In reference to this it was said in DeSembly v. Dedman, 161 Ky. 133:

"If the property could be sold at the end of two years, as provided in section 4154, and the sale and conveyance passed the fee simple title to the pur- chaser, manifestly the provisions of sections 4156 and 4160, giving five years in which to redeem would be meaningless. . . . But we think sections 4154, 4156 and 4160 may be reconciled by the construction that the revenue agent cannot, under section 4154, sell the property of a minor or lunatic or married woman or person laboring under disability, until after the time for redemption allowed this class of persons has expired. The purchaser may get pos- session before this time by giving notice, but he can- not get the complete title until the time to redeem has expired.

" . . . When the land is bought in by the state, county and taxing district the county attorney should give the notice required by section 4153 and the sheriff the notice required by section 4158, but the failure of these officers to give the notice does not af- fect the rights of the purchaser. It was so held in James v. Blanton, 134 Ky. 803.

"According to these views, the appellee does not get title to the property, but he has a lien for the amount of taxes paid, with legal interest thereon in cases in which he did not give the notice to the owner. In cases in which he did give the notice to the owner, he is entitled to a lien for the taxes, with the interest and penalties provided by section 4151-2. He should also have a lien for the amount expended by him in recording deeds and certificates, with six per cent thereon."

The questions involved in that case were similar to those in this. There the land of a married woman had been sold for taxes and a deed made by the auditor's agent within less than five years from the date of sale; the suit was upon the part of the woman seeking to re-

cover the land. It was held that the auditor's deed was premature and conveyed no title, but gave to the purchaser a lien for the amount of the taxes paid and for improvements he had made. We can draw no distinction between the two cases.

Here the contest is between the holder of the tax deed and the purchaser under a decretal sale, but the position of the holder of the tax title is the same in both; the sale by the revenue agent was premature and the auditor's deed conveyed no title. If no sale had been made by the state until the expiration of the five year period, in the absence of a redemption a different case would be presented, but here action was taken and the state sold what right it had. True the deed did not carry the title, but the state did receive the amount due in the way of taxes and penalties, and has no further lien or interest in the matter, though as held in that case the purchaser would be subrogated to its lien, and this is all that he could claim.

It is earnestly insisted that appellee cannot make this defense, as Maggie Miracle is not complaining, but this is an action in ejectment in which the plaintiff must recover on the strength of his own title and the appellee may attack this.

Such being the ruling of the lower court the judgment is affirmed.