## Shanks, Auditor v. Northcutt, Ex-Sheriff.

(Decided February 14, 1928.)

### Appeal from Franklin Circuit Court.

1. Evidence.—In action against ex-sheriff for amount due commonwealth for taxes collected on omitted property, presumption that county clerk performed his duty, under Ky. Stats., sec. 4260, to certify judgments for such taxes to sheriff cannot be indulged to exclusion of proof that certification was not received nor taxes collected.

2. Evidence.—There is a general presumption of law, in the absence of anything to the contrary appearing, that a public officer has performed his official duties.

3.  Evidence.—General presumption that public officer has performed his official duties may always be rebutted by actual proof that a duty was not performed.

4.  Evidence.—General presumption that duty has been performed by official cannot be used as substitute for proof of definite or material fact, as basis for presuming irregularity in another act by same or different officer, or to supply facts which official record affirmatively shows to be absent.

GUY H. BRIGGS for appellant.

M. H. McLEAN for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

The auditor instituted this action against Homer J. Northcutt, former sheriff of Kenton county, and the sureties on his official bond, to collect $1,544.93 claimed to be due the commonwealth. The petition alleged that the commonwealth, on the relation of a revenue agent, recovered several judgments in the Kenton county court against individuals for taxes on omitted property, which judgments were duly certified to the auditor and to the defendant while sheriff for collection, and that he had collected the same and had failed to settle therefor with the auditor or to pay over to the state the money so collected.

The answer of the defendants denied that any of the judgments were ever certified to the sheriff or collected by him. The commonwealth failed to prove that any of the judgments had been certified to the sheriff for collection or had been collected by him. On the other hand, the sheriff proved that he had not collected any of the judgments, and that none of them had been certified to him. The circuit court dismissed the action, and the commonwealth has prosecuted this appeal.

It is provided, in part, by Kentucky Statutes, sec. 4260:

"If the court shall decide that the property is liable to assessment, and has not been assessed, the clerk of the county court shall enter a judgment on a book kept for that purpose assessing said property and fixing the value thereof, and he shall certify the assessment of said property and its value, together with such other facts as may hereafter be required to appear in said judgment by sec. 6 of this aritcle, to the auditor of public accounts, and likewise to the sheriff of the county, together with the amount of

penalty and cost of assessment, in order that the taxes due the commonwealth and county may be collected, with the penalty and costs. All persons owning property which may be assessed as herein provided, shall, in addition to the taxes, pay the costs of the proceedings and a penalty of twenty per centum (20%) on the amount of the state and county taxes due, except where such property shall have been duly listed by the owner thereof. The taxes, costs and penalties shall be collected and accounted for as other taxes and penalties are required to be collected, and by the same officers.''

It is argued here that the presumption shall be indulged that the county clerk performed his statutory duties of certifying the judgment to the sheriff and that the sheriff should not be permitted to prove that the certification was not received by him or that he had not collected the taxes. No reason is suggested, and no authority is advanced to support the proposition, and the well-known industry and ability of the special counsel for the commonwealth leads us to assume that none could be found. There is a general presumption of law, in the absence of anything to the contrary appearing, that a public officer has performed his official duties. Morgan v. Lewis, 172 Ky. 813, 189 S. W. 1118; Brown v. Greene, 184 Ky. 300, 211 S. W. 860; Baker v. Combs, 194 Ky. 260, 239 S. W. 56; Mason v. Letcher C. & C. Co., 196 Ky. 629, 245 S. W. 130; Monroe v. Monroe, 215 Ky. 440, 285 S. W. 250.

The rule is adopted for the protection of the public, but it may always be rebutted by actual proof that a duty was not performed. Erlhardt v. Ballin (C. C. A.) 150 F. 529. The general presumption that a duty has been performed by an official is subject to many qualifications. The presumption cannot be used as a substitute for proof of a definite or material fact or as a basis in presuming irregularity in another act by the same or a different officer; nor will it avail to supply facts which the official record affirmatively shows to be absent. 22 C. J. 135.

The contention for appellant argues too much. If the presumption that an officer has performed all his statutory duties be indulged on behalf of the clerk of the Kenton county court, it would have to be indulged also in respect to the sheriff, who was likewise a public officer.

Thus the presumption of the performance of their several duties by the respective officers, would entirely defeat the action on behalf of the commonwealth. No reason is apparent why such a presumption should be indulged on behalf of the clerk and the benefit thereof denied to the sheriff.

It is the opinion of this court that the circuit court correctly disposed of the issues on this record.

Judgment affirmed.