

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

FILED
Dec 16, 2025
08:32 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

| | |
|---|---|
| Sam M. Simns | Docket No.     2024-70-4328 |
| v. | State File No.   45223-2022 |
| The Pictsweet Company, et al. | |

Appeal from the Court of Workers'
Compensation Claims
Allen Phillips, Judge

---

**Affirmed and Certified as Final**

---

In this compensation appeal, the employee questions the trial court's order granting the employer's motion for summary judgment based on its finding that the employee did not file her petition for benefit determination within the applicable statute of limitations. In response to the employer's dispositive motion, the employee asserted that a prior head injury left her incapacitated and unable to timely pursue this claim. She further alleged the employer had paid for medical treatment related to this claim after the date it identified as the last voluntary payment. Following a hearing, the court concluded the employer had negated an essential element of the employee's claim, and the employee had presented insufficient evidence to create a genuine issue of material fact regarding the expiration of the statute of limitations. As a result, it dismissed the employee's petition with prejudice, and the employee has appealed. Having carefully reviewed the record, we affirm the trial court's decision and certify it as final.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

Sam M. Simns, Brownsville, Tennessee, employee-appellant, pro se

Eric Lindquester, Brentwood, Tennessee, for the employer-appellee, The Pictsweet Company

**Memorandum Opinion**[1]

Sam M. Simns ("Employee") worked for The Pictsweet Company ("Employer") on an assembly line, moving and stacking boxes of packaged food. In her petition for benefit determination ("PBD"), Employee alleged that, on June 22, 2022, she was "stacking boxes of packaged food coming off a fast[-]moving line" when she experienced pain in her right shoulder and mid-low back. In response to Employee's report of a work accident, Employer provided authorized medical treatment on June 27, 2022, after which Employee was released to return to work with no restrictions. According to the unrefuted evidence in the record, Employer paid for that treatment on August 5, 2022, and did not authorize or pay for any additional treatment associated with this claim.[2] Although Employee apparently sought some additional treatment for her complaints, there is no evidence that Employer either authorized or paid for that treatment within the context of the current claim.

On June 21, 2024, Employee filed a PBD, and a September 4, 2024 dispute certification notice reflects that compensability, medical benefits, and disability benefits were disputed issues. In addition, Employer asserted the expiration of the statute of limitations as a defense. Thereafter, Employer filed a motion to dismiss Employee's claim on January 17, 2025, alleging that the statute of limitations expired on August 5, 2023, which was one year after the date of its last voluntary payment of benefits. On April 17, 2025, the trial court denied the motion to dismiss, reasoning that addressing the expiration of the statute of limitations would necessitate consideration of evidence beyond the pleadings, which is not appropriate in the context of a motion to dismiss. That order was not appealed.

On August 5, 2025, Employer filed a motion for summary judgment accompanied by a memorandum of law and a statement of undisputed facts. The undisputed facts asserted by Employer included the following: (1) the claim arose out of an alleged injury occurring on June 25, 2022; (2) Employee was provided authorized medical care on June 27, 2022, and was returned to work without restrictions; (3) Employer paid the bill associated with that treatment on August 5, 2022, and it did not authorize or pay for any additional treatment thereafter related to the subject claim; and (4) Employee filed her PBD on June 21, 2024. Employee responded, asserting that Employer paid for treatment she

---

[1] This decision is being filed pursuant to Tenn. Comp. R. and Regs. 0800-02-22-.03(1) (2023).

[2] In the documents filed on appeal, Employee asserts that Employer paid for medical treatment she received on August 30, 2022, and on December 15, 2022, noting that the physician at those visits made observations in his medical records regarding her shoulder pain. However, those visits appear to be related to a prior head injury Employee sustained while working for Employer in late 2021. Employee provided no proof documenting payments for those visits, and she offered no evidence that any such payment, even if made, related to the current claim. A mere notation of symptoms in a medical record by a physician does not constitute evidence of authorized treatment or the voluntary payment of benefits related to the current claim.

2

received on August 30, 2022, and December 15, 2022. Employee also asserted that she suffered a mental incapacity related to her previous head injury and that her time to file a PBD in this claim should be extended.

After a hearing, the trial court issued an order on September 25, 2025 granting Employer's motion for summary judgment. The court observed that Employee presented no evidence that Employer made any additional payments of benefits related to her June 2022 claim after its last voluntary payment in August 2022, and that Employee produced no evidence creating a genuine issue of material fact as to any alleged mental incapacity that would justify extending her statute of limitations. As a result, the trial court dismissed Employee's PBD with prejudice.

Employee filed a notice of appeal on October 3, 2025, asserting that she has proof of Employer's alleged payments for the August and December 2022 medical visits. However, there is nothing in the record on appeal to indicate that such evidence was submitted for the trial court's consideration. Moreover, a transcript of the hearing was not filed, and Employee did not file a brief on appeal. Thus, Employee has offered no factual or legal arguments explaining how she believes the trial court erred.

As stated by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Resp. of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). When an appellant fails to offer substantive arguments on appeal, an appellate court's ability to conduct meaningful appellate review is significantly hampered. *Holmes v. Ellis Watkins d/b/a Watkins Lawn Care*, No. 2017-08-0504, 2018 TN Wrk. Comp. App. Bd. LEXIS 7, at *3-4 (Tenn. Workers' Comp. App. Bd. Feb. 13, 2018). Moreover, "where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed*, 301 S.W.3d at 615. It is not our role to search the record for possible errors or to formulate a party's legal arguments where that party has provided no meaningful argument or authority to support its position. *Cosey v. Jarden Corp.*, No. 2017-01-0053, 2019 TN Wrk. Comp. App. Bd. LEXIS 3, at *8 (Tenn. Workers' Comp. App. Bd. Jan. 15, 2019). As our appellate courts have explained, were we to search the record for possible errors and raise issues and arguments for Employee, we would be acting as her counsel, which the law prohibits. *See, e.g.*, *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015).

When a properly-supported motion for summary judgment has been filed, the burden of production then shifts to the nonmoving party to demonstrate the existence of one or more genuine issues of material fact at the summary judgment stage that would support the need for a trial. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 265 (Tenn. 2015). In considering an order granting summary judgment, an appellate court must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *Byrd v. Hall*, 847

S.W.2d 208, 210 (Tenn. 1993). Further, "[a] fact is material 'if it must be decided in order to resolve the substantive claim or defense at which the motion is directed.'" *Akers v. Heritage Med. Assocs., P.C.*, No. M2017-02470-COA-R3-CV, 2019 Tenn. App. LEXIS 5, at \*14 (Tenn. Ct. App. Jan. 4, 2019) (quoting *Byrd*, 847 S.W.2d at 215). "A 'genuine issue' exists if 'a reasonable [factfinder] could legitimately resolve that fact in favor of one side or the other.'" *Akers*, 2019 Tenn. App. LEXIS 5, at \*15 (quoting *Byrd*, 847 S.W.2d at 215).

Here, Employer's motion for summary judgment was supported by its statement of undisputed facts and other evidence it submitted for the court's consideration. In short, Employer came forward with evidence that Employee's PBD was not filed until more than one year after Employer's last voluntary payment of benefits.[3] Thus, Employer negated an essential element of Employee's claim by establishing that her PBD was not timely filed, and Employee offered the trial court no evidence to refute Employer's proof or create a genuine issue of material fact. On appeal, Employee now asserts she has proof Employer paid for certain medical appointments in August and December 2022.[4] However, she provided no documentation establishing the date of those alleged payments. Moreover, it appears from the record that those appointments were related to her prior work-related head injury. Even assuming such payments *were* related to the current claim, her statute of limitations would have expired one year after the last voluntary payment related to the December 2022 appointment, and Employee has offered no evidence that any such payment was made within one year prior to the filing of her PBD in June 2024.

To prevail in her argument that her PBD was filed timely, Employee would be required to show that Employer made payments related to *this* claim on or after June 21, 2023. She has presented no admissible evidence to establish the date of the alleged payments or that they were associated with this claim. Thus, we agree with the trial court that Employer negated an essential element of Employee's claim, *i.e.*, the timely filing of a PBD, and Employee failed to demonstrate that a genuine issue of material fact exists regarding when the statute of limitations for her claim expired.

Accordingly, we affirm the trial court's order granting summary judgment and certify it as final. Costs on appeal have been waived.

---

[3] On appeal, Employee does not question the trial court's finding that she did not provide sufficient evidence of a mental incapacity such that her time to file a PBD should be extended. Thus, we consider the issue waived. *See Moore & Seiferth v. Ingles Markets, Inc.*, No. 2015-02-0193, 2015 TN Wrk. Comp. App. Bd. LEXIS 54, at \*4 (Tenn. Workers' Comp. App. Bd. Nov. 4, 2015).

[4] Although Employee contends she has proof of these payments, we cannot review evidence presented for the first time on appeal that was not considered by the trial court. Tenn. Comp. R. and Regs. 0800-02-22-.02(2) (2023); *see also Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at \*13 n.4 (Tenn. Workers' Comp. App. Bd. May 18, 2015).



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Sam M. Simns | Docket No.  2024-70-4328 |
| v. | State File No.  45223-2022 |
| The Pictsweet Company, et al. | |
| Appeal from the Court of Workers' Compensation Claims Allen Phillips, Judge | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 16th day of December, 2025.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Sam M. Simns | X | X | | X | sam.simns@gmail.com 803 Hatchie Street Brownsville, TN 38012 |
| Eric Lindquester | | | | X | eric.lindquester@libertymutual.com rachel.dornier@libertymutual.com |
| Allen Phillips, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov